J-S14007-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BERNARDINO REYES-GUITIERREZ, | : | |
| | : | |
| Appellant | : | No. 3096 EDA 2013 |

Appeal from the Judgment of Sentence July 8, 2013,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-0000366-2012

BEFORE:  DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED MARCH 16, 2015**

Bernardino Reyes-Guitierrez ("Reyes-Guitierrez") appeals from the judgment of sentence entered following his convictions of possession of a controlled substance, possession of a controlled substance with intent to deliver ("PWID"), possession of drug paraphernalia, and conspiracy.[1]  Upon review, we must conclude that the sentence imposed by the trial court is illegal.  Therefore, we vacate the judgment of sentence and remand for resentencing.

The trial court summarized the facts underlying Reyes-Guitierrez's convictions as follows:

> At a waiver trial before this court, the Commonwealth presented testimony from Agents Timothy Riley, Avril Eklund, Jeffrey Smith, and Isaac Carraway, all members of the Attorney General's

---

[1] 35 P.S. §§ 780-113(a)(16), (30), (32); 18 Pa.C.S.A. § 903.

Bureau of Narcotics. Both parties stipulated that all drugs recovered from the confidential informant (CI) and from [Reyes-Guitierrez's] home and vehicle tested positive for heroin. Additionally, both parties stipulated that Reyes-Guitierrez's brother, had he been called to testify, would have testified that Reyes-Guitierrez had a reputation for being a law abiding citizen.

The Attorney General's Bureau of Narcotics, with assistance from a CI, conducted an investigation of Reyes-Guitierrez from October 15 through October 24, 2011. (Notes of Testimony from 5/3/13 (hereinafter N.T.) at 9). On the first day of the investigation (dates were not given during testimony to protect the identity of the CI), the CI learned that "George" could secure bundles of heroin in the area of Schiller Street in the City and County of Philadelphia. Agents provided the CI with prerecorded buy money and instructed him to order 20 bundles of heroin from George. (N.T. at 10-11) After placing an order, the CI picked up George in the area of F and Allegheny Streets. The pair then drove the intersection of I and Schiller Streets where agents set up surveillance. (N.T. at 10) George entered a barbershop at the intersection and exited with Reyes-Guitierrez. The two men walked to a parked black Mazda, and engaged in a brief conversation. Reyes-Guitierrez then opened the trunk and rummaged around inside before closing the trunk. George and Reyes-Guitierrez then entered the vehicle and drove up the street. They returned in less than a minute and parked in the same spot, at which point George went back to the CI's vehicle and Reyes-Guitierrez returned to the barbershop. (N.T. at 28) George and the CI returned to F and Alleghany [sic], where they parted company. The CI then met Agent Riley at a predetermined location and turned over 20 bundles with the word "Shazam" printed on the packets. (N.T. at 11) All of the packets field tested positive for heroin. (N.T. at 13)

Agent Riley instructed the CI to call George and ask for twenty more packets of heroine [sic]. The CI was informed that it would take about an hour. (N.T. at 13) The CI was provided $1,300 prerecorded buy money and met with George at I and Schiller Streets again. (N.T. at 14) George left the vehicle and returned after a short period of time. The CI proceeded to F and Allegheny Streets where he dropped off George. (N.T. at 15) The CI then met with Agent Riley and provided him with twenty packets of heroin stamped with the word "Shazam". (N.T. at 15-16)

Agents determined that the black Mazda was registered to 7212 Walker Street in Philadelphia. (N.T. at 16) On October 24, 2011, agents executed a search warrant on that location, as well as the black Mazda and a blue Toyota minivan that had been observed at the property. (N.T. at 16, 34) Agents found Reyes-Guitierrez on the first floor of the property with Ms. Tanya Torres and a minor child. In the bedroom, agents found a clear bag with 29.9 grams of heroin, $1,370 United States Currency (USC), 2 forms of identification for Reyes-Guitierrez and Ms. Torres, and four cell phones. In a locked closet in the basement, agents found 1,686 packets of heroin stamped with "Shazam", numerous empty clear baggies with heroin residue, a grinder with heroin residue, as well as a straw, spoon, credit card and toothbrush with heroin residue. (N.T. at 18) Also in the basement were numerous boxes with blue glassine inserts, numerous clear plastic bags, and six stamps and stamp pads consistent with packaging stamps, including one stamp that said "Shazam[.]" (N.T. at 18-19) Agents recovered one packet of heroin stamped "Shazam" from the Mazda. All of the packets bought by the CI and those recovered from the property were identical in size, shape, content, color, and stamping. (N.T. at 20)

Trial Court Opinion, 9/4/14, at 1-2.

Reyes-Guitierrez was convicted of the above-mentioned offenses and sentenced to a term of six to twelve years of imprisonment. A timely post-sentence motion was filed and later denied. This timely appeal followed.

Reyes-Guitierrez presents a single issue for our review:

> Did the lower court err in applying certain provisions of the mandatory minimum sentencing statute at 18 Pa.C.S.[A.] § 7508 to [Reyes-Guitierrez's] case because portions of § 7508 are facially unconstitutional pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and are non-severable from the remaining provisions of the statute?

Reyes-Guitierrez's Brief at 2.

As pointed out by the Commonwealth, Reyes-Guitierrez did not raise this issue in his post-sentence motion, or at any other time, before the trial court. While the general rule provides that issues cannot be raised for the first time on appeal, there is a well-established exception for claims challenging the legality of a sentence. *See Commonwealth v. Conaway*, 105 A.3d 755, 761 (Pa. Super. 2014). ("A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction."). This Court has previously held that "issues pertaining to *Alleyne* go directly to the legality of the sentence." *Commonwealth v. Cardwell*, 105 A.3d 748, 750 (Pa. Super. 2014). As such, despite Reyes-Guitierrez's failure to raise this

issue before the trial court, we will address it on appeal.[2] We do so mindful that "[a] claim that the trial court erroneously imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is de novo." **Commonwealth v. Childs**, 63 A.3d 323, 325 (Pa. Super. 2013).

Reyes-Guitierrez argues that the mandatory-minimum sentence statute that the trial court applied when formulating his sentence, 18 Pa.C.S.A. § 7508, runs afoul of the United States Supreme Court's decision in **Alleyne v. United States**, __ U.S.__, 133 S.Ct. 2151 (2013).[3] The relevant portion of this statute provides as follows:

> **(a) General rule.--**Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
>
> ***
>
> (7) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is heroin shall, upon conviction, be sentenced as set forth in this paragraph:

---

[2] The Pennsylvania Supreme Court has accepted allowance of appeal on the issue of whether a challenge to a sentence pursuant to **Alleyne** relates to the legality of the sentence. **See Commonwealth v. Johnson**, 93 A.3d 806 (Pa. 2014). As of the time of the decision in the present appeal, the Supreme Court had not yet pronounced its decision on this issue.

[3] In **Alleyne**, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and that they must be found beyond a reasonable doubt. **Alleyne**, 133 S.Ct. at 2163.

***

(iii) when the aggregate weight of the compound or mixture containing the heroin involved is 50 grams or greater: a mandatory minimum term of five years in prison and a fine of $25,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: a mandatory minimum term of seven years in prison and $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

***

**(b) Proof of sentencing**.--Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S.A. § 7508(a)(7)(iii), (b).

This Court has previously determined that § 7508 is wholly unconstitutional, in that it violates the holding of **Alleyne**, and therefore, cannot be enforced. **Cardwell**, 105 A.3d at 754-55. We note that in that opinion we reiterated that this is the case – and the statute remains unenforceable - even where the relevant fact (i.e, the quantity of illegal

drug) is found by the trier of fact, as it is not for the courts to create ad hoc remedies, but the job of the legislature to revise the law. ***Id.*** at 753-55 (discussing ***Commonwealth v. Valentine***, 101 A.3d 801 (Pa. Super. 2014)). Accordingly, we vacate the judgment of sentence and remand for resentencing without consideration of § 7508.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Musmanno, J. joins the Memorandum.

Olson, J. concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2015