J-S53033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PAUL JOSEPH BEGNOCHE, | : | |
| | : | |
| Appellant | : | No. 762 MDA 2015 |

Appeal from the Order entered on March 31, 2015
in the Court of Common Pleas of Dauphin County,
Criminal Division, No. CP-22-CR-0004038-2010

BEFORE: DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED OCTOBER 19, 2015**

Paul Joseph Begnoche ("Begnoche"), *pro se*, appeals from the Order denying his Motion to Determine Petitioner Begnoche['s] Ability to Pay Fines, Court Costs, and to Vacate Due to Inability to Pay Fines, Court Costs and to Vacate Due to Inability to Pay ("Motion to Determine and Vacate"). We affirm.

On December 5, 2011, Begnoche entered a negotiated plea of *nolo contendere* to the crimes of rape of a child under 13 years of age, involuntary deviate sexual intercourse with a child under 13 years of age, statutory sexual assault, incest, indecent assault—person under 13 years of age, and unlawful communication with a minor.[1] That same day, the trial court sentenced Begnoche to an aggregate prison term of ten to twenty

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3122.1, 4302, 6301(a)(1), 6318.

years, followed by a consecutive 10 years of probation. The trial court additionally required Begnoche to pay the costs of prosecution and fines totaling $5,500. On April 2, 2012, the trial court entered an Order classifying Begnoche as a sexually violent predator. Begnoche filed no direct appeal of his judgment of sentence.

On November 8, 2012, Begnoche timely filed his first Petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[2] In February 2013, Begnoche's appointed PCRA counsel petitioned to withdraw, and filed a *Turner*/*Finley*[3] letter. The PCRA court granted counsel's Petition and, on January 24, 2014, entered an Order denying Begnoche's first PCRA Petition. On February 5, 2015, this Court entered an Order affirming the Order of the PCRA court. *Commonwealth v. Begnoche*, 2015 Pa. Super. Unpub. LEXIS 2685. On March 6, 2015, Begnoche filed a Petition for allowance of appeal to the Pennsylvania Supreme Court. On August 4, 2015, the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Begnoche*, 2015 Pa. LEXIS 1693 (Pa. 2015).

On March 23, 2015, while Begnoche's Petition for allowance of appeal was pending before the Pennsylvania Supreme Court, Begnoche filed the instant Motion to Determine and Vacate. The common pleas court denied

---

[2] *See* 42 Pa.C.S.A. §§ 9541-9546.

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Begnoche's Motion to Determine and Vacate on March 31, 2015. Thereafter, Begnoche filed the instant timely appeal.

On appeal, Begnoche challenges the denial of his Motion to Determine and Vacate, claiming that (1) his plea counsel caused him to tender an unknowing or involuntary plea, by failing to inform him of "any" fines or costs, for which he would be responsible; (2) the Department of Corrections improperly attached his prison account to pay these fines and costs (comparing Pennsylvania law to Connecticut law); and (3) the common pleas court violated his right to due process by not conducting a hearing, in accordance with 42 Pa.C.S.A. § 9726(c) and (d), regarding his ability to pay. **See** Letter Brief for Appellant at 2-3 (unnumbered).

The common pleas court had denied relief, concluding that it lacked jurisdiction over the claims raised by Begnoche. PCRA Court Opinion, 7/7/15, at 4-5. We agree, but for reasons different than those relied upon by the common pleas court. **See Commonwealth v. Fisher**, 870 A.2d 864, 870 n.11 (Pa. 2005) (stating that "[a] ruling or decision of a lower court will be affirmed if it can be supported on any basis[,] despite the lower court's assignment of a wrong reason.").

Begnoche's Motion to Determine and Vacate challenged the authority of the sentencing court to impose fees and costs, without first ascertaining his ability to pay. Because Begnoche's Motion challenged the validity of his guilty plea and the legality of his sentence, the common pleas court should

- 3 -

have treated it as a second petition for relief filed pursuant to the PCRA. *See Commonwealth v. Concordia*, 97 A.3d 366, 372 (Pa. Super. 2014) (stating that "while challenges to the legality of a defendant's sentence cannot be waived, they ordinarily must be raised within a timely PCRA petition."); *Commonwealth v. Childs*, 63 A.3d 323, 325 (Pa. Super. 2013) (stating that a claim contesting the authority of the sentencing court to impose fees and costs constitutes a challenge to the legality of the sentence). *See also* 42 Pa.C.S.A. § 9543(a)(2)(iii) (listing a challenge to the validity of a guilty plea as cognizable under the PCRA). We review the denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error. *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014).

Our review of the record discloses that Begnoche filed his Motion to Determine and Vacate on March 23, 2015, while the appeal of his first PCRA Petition was pending.[4] Our Supreme Court has held that

> [a] PCRA [] court cannot entertain a new PCRA petition when a prior petition is still under review on appeal:
>
> > Appellant could not have filed his second PCRA petition in the court of common pleas while his first PCRA petition was still pending before this [C]ourt. The trial court had no jurisdiction to adjudicate issues directly related to this case; only [the appellate] court did. A second appeal cannot be taken when another proceeding of the same type is already pending ….

---

[4] Begnoche's Petition for allowance of appeal was filed on March 6, 2015. Our Supreme Court denied the Petition on August 4, 2015.

- 4 -

*Commonwealth v. Porter*, 35 A.3d 4, 14 (Pa. 2012) (quoting *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000)).

We therefore conclude that the common pleas court properly dismissed Begnoche's Motion to Determine and Vacate for lack of jurisdiction, albeit for reasons different than those stated by the common pleas court. *See Fisher*, 870 A.2d at 870 n.11. The common pleas court lacked jurisdiction to entertain Begnoche's Motion to Determine and Vacate, while the appeal of the Order denying his first PCRA Petition remained pending. Accordingly, we affirm the Order denying relief.

Even if Begnoche had no PCRA appeal pending at the time he filed his Motion to Determine and Vacate, he would not be entitled to relief. A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(3). The one-year time limitation is jurisdictional and a court has no power to address the substantive merits of an untimely petition. *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723-24 (Pa. 2003); *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000). The three exceptions to the one-year filing requirement are for newly discovered facts, interference by a government official, and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition asserting one of these exceptions must also establish that the exception was raised within sixty days of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2). "As

such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." ***Gamboa-Taylor***, 753 A.2d at 783.

Here, Begnoche filed no direct appeal from his April 2, 2012 judgment of sentence. Accordingly, his judgment of sentence became final on in May 2012, upon the expiration of the time period for filing his direct appeal. ***See*** Pa.R.Crim.P. 720(A)(3) (stating that "[i]f the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence."). Begnoche has not asserted any of the statutory exceptions to the PCRA's timeliness requirement. Accordingly, the common pleas court lacked jurisdiction to consider Begnoche's request for PCRA relief on this basis as well.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2015

- 6 -