J-S60033-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LORENZO MILLS | : | |
| | : | |
| Appellant | : | No. 289 WDA 2017 |

Appeal from the PCRA Order January 17, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002190-2014

BEFORE: OLSON, DUBOW, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: FILED SEPTEMBER 29, 2017

Appellant Lorenzo Mills appeals from the order of the Court of Common Pleas of Erie County denying his petition pursuant to the Post Conviction Relief Act ("PCRA")[1] without a hearing. Counsel has filed a petition to withdraw and a no-merit letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc). We grant counsel's petition to withdraw and affirm the PCRA court's order.

On November 4, 2014, Appellant pled guilty to robbery. On December 15, 2014, the trial court imposed an aggregate sentence of 52 to 104 months' incarceration. On appeal, this Court affirmed the judgment of

_____

[1] 42 Pa.C.S. §§ 9541-9546.

_____

* Former Justice specially assigned to the Superior Court.

sentence on September 9, 2015, and the Supreme Court denied Appellant's petition for allowance of appeal on February 25, 2016.

On September 13, 2016, Appellant filed a pro se PCRA petition. The PCRA court appointed William John Hathaway, Esq. to assist Appellant on collateral review. On November 15, 2016, Atty. Hathaway filed a petition to withdraw and a "no-merit" letter. Appellant did not respond to this letter.

On December 6, 2016, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant submitted a pro se filing, dated December 21, 2016, in which he objected to the Rule 907 notice by listing the claims he raised in his pro se PCRA petition. On January 17, 2017, the PCRA court dismissed Appellant's petition. However, the PCRA court never ruled on Atty. Hathaway's petition to withdraw.

On January 30, 2017, Appellant filed a pro se notice of appeal. The Clerk of Courts forwarded the notice of appeal to Atty. Hathaway, who was still listed as counsel of record. On the same day, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On February 8, 2017, Appellant filed a pro se Rule 1925(b) statement, which the Clerk of Courts again forwarded to counsel. On February 14, 2017, Atty. Hathaway filed a notice of appeal on Appellant's behalf. On June 23, 2017, Atty. Hathaway filed a second Finley brief along with a copy of a letter he sent to Appellant advising of his request to withdraw and informing Appellant of his right to proceed pro se or with

the assistance of counsel. Appellant has not responded to the petition to withdraw as counsel, nor has he retained alternate counsel for this appeal.

Prior to addressing Appellant's claims on appeal, we must review Atty. Hathaway's Petition to Withdraw. This Court has listed the conditions to be met by counsel in seeking to withdraw in a collateral appeal as follows:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988), and Finley, supra and] ... must review the case zealously. Turner/Finley counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of Turner/Finley, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

Commonwealth v. Doty, 48 A.3d 451, 454 (Pa.Super. 2012) (citation omitted).

In his petition to withdraw and appellate brief, counsel detailed the nature and extent of his review, listed the issues that Appellant raised in his petition, and explained why he believed each issue was frivolous. Counsel indicated that after his own independent review of the record, he could not

identify any sound or credible basis to pursue the instant appeal. Moreover, counsel attached a copy of the letter he sent to Appellant in which he indicated that he believed that the appeal was wholly frivolous for the reasons set forth in his brief and notified Appellant of his right to raise additional points for consideration by proceeding pro se or with the assistance of privately retained counsel.

As we find that counsel has complied with the technical requirements set forth in Turner and Finley, we may proceed to review the merits of this case. In reviewing the lower court's decision to deny Appellant's PCRA petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." Commonwealth v. Mitchell, --- Pa. ---, 141 A.3d 1277, 1283–84 (2016).

Counsel has identified three issues for our review as set forth in Appellant's pro se petition. First, Appellant asserts that the sentencing court abused its discretion in imposing a lengthy term of incarceration that did not achieve the objectives of the Sentencing Code. This claim, which implicates the discretionary aspects of sentence, is not cognizable under the PCRA. See 42 Pa.C.S. § 9543(a)(2) (eligibility for relief under the PCRA). See Commonwealth v. Wrecks, 934 A.2d 1287, 1289 (Pa.Super. 2007) ("Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings.").

Moreover, Appellant is further ineligible for relief on this sentencing claim, as it was previously litigated before this Court on direct appeal. See 42 Pa.C.S. § 9543(a)(3) (providing that the petitioner must establish that the "allegation of error [raised in the PCRA petition] has not been previously litigated or waived"). After Appellant claimed on direct appeal that his standard-range sentence conflicted with the "objectives" of the Sentencing Code, this Court found this issue was waived as Appellant failed to raise it in the lower court, and even if properly preserved for appeal, this issue was nonetheless, frivolous. Commonwealth v. Mills, 58 WDA 2015, at *4-8. (Pa.Super. 2012) (unpublished memorandum).

Second, Appellant claims that the lower court lacked jurisdiction as Appellant was prosecuted under a criminal statute that was legally inoperative due to the lack of a savings clause. However, Appellant is not entitled to relief on this claim, which was also previously litigated before this Court on direct appeal. See 42 Pa.C.S. § 9543(a)(3). This Court found Appellant's jurisdictional challenge to be frivolous, indicating:

> We note that on August 24, 2015, Appellant filed a pro se brief with this Court. Therein, he presents the same claim recently deemed meritless by this Court in Commonwealth v. Schultz, 114 A.3d 865 (Pa.Super. 2015), namely that: (1) "because the 1968 Pennsylvania Constitution contains no savings clause, he was prosecuted under criminal statutes that were legally inoperative upon ratification of that constitution[;]" (2) "since there is no express state constitutional provision providing authority to enact a state crimes code, the trial court lacked jurisdiction[;]" and (3) "he was prosecuted under statutes that lacked an enacting clause." Id. at 873. Based on our holding in

Schultz, it is frivolous for Appellant to assert these same arguments herein.

Commonwealth v. Mills, 58 WDA 2015, at *8 n.2 (Pa.Super. 2012) (unpublished memorandum).

Lastly, Appellant asserts that he is being subjected to the illegal collection of money from his personal inmate account to pay for court costs the trial court ordered him to pay at sentencing. Appellant specifically claims that the trial court was required to determine whether he had the ability to pay these court costs before imposing them at sentencing. Appellant's challenge to the lower court's authority to impose the costs at issue constitutes a challenge to the legality of his sentence. Commonwealth v. Childs, 63 A.3d 323, 325 (Pa.Super. 2013) (citing Commonwealth v. Garzone, 993 A.2d 306, 316 (Pa.Super. 2010)). A challenge to the legality of one's sentence is cognizable under the PCRA. Commonwealth v. Beck, 848 A.2d 987, 989 (Pa.Super. 2004).

Our rules of criminal procedure provide that a defendant is liable for the costs of prosecution unless the trial court finds otherwise pursuant to Pa.R.Crim.P. 706, which provides, in relevant part:

(A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.

(B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into

account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.

(C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

Pa.R.Crim.P. 706.  See also 42 Pa.C.S.A. §§ 9728(b.2), 9721(c.1).

While Appellant asserts that the trial court had no authority to order him to pay the costs of prosecution without assessing his finances, this Court has held that a criminal defendant is not entitled to a hearing on his ability to pay the costs of prosecution unless a trial court seeks to incarcerate that defendant for failure to pay court costs.  Childs, 63 A.3d 326-27.  Although a trial court is required to assess a defendant's ability to pay before imposing a fine pursuant to 42 Pa.C.S. § 9726(c), there is no such requirement in connection with the imposition of the costs of prosecution.

After an independent review of this case, we conclude that the PCRA court did not err in dismissing Appellant's claims as he failed to prove he was eligible for collateral relief.  As we agree with counsel's assessment that the current appeal has no merit, we grant counsel's motion to withdraw and affirm the order dismissing Appellant's petition for PCRA relief.

Order affirmed.  Motion to withdraw as counsel granted.

Dubow, J. joins the memorandum.

Olson, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2017