J-S54035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JASON JAMES HARPER, | : | |
| | : | |
| Appellant | : | No. 85 WDA 2016 |

Appeal from the PCRA Order December 1, 2015
in the Court of Common Pleas of Allegheny County,
Criminal Division, No(s):  CP-02-CR-0009702-2011

BEFORE:  BENDER, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 27, 2016**

Jason James Harper ("Harper") appeals from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On May 31, 2011, Harper had an argument with another person inside of Pearl's Café, a bar in the Homestead neighborhood of Allegheny County. The bartender, James Miller ("Miller"), intervened and ended the confrontation.  As Harper left the bar, he had a brief interaction with Diego Walker ("Walker") by the front door.  Harper left the bar, but he returned moments later and shot Walker in the leg, shattering Walker's femur.  After the police reported to the scene, Harper was identified as a possible suspect. An officer saw Harper running through the street and followed him to an apartment building, where police arrested him.  Harper was charged with one count each of aggravated assault, persons not to possess a firearm, and

carrying a firearm without a license. Following a jury trial, Harper was found guilty of aggravated assault and carrying a firearm without a license. Thereafter, the trial court sentenced him to a prison term of ten to twenty years.

This Court affirmed the judgment of sentence, after which the Pennsylvania Supreme Court denied Harper's Petition for Allowance of Appeal. *See Commonwealth v. Harper*, 96 A.3d 1096 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 96 A.3d 1026 (Pa. 2014).

Harper, *pro se*, filed a timely PCRA Petition. The PCRA court appointed counsel, who filed an Amended Petition. Following a hearing, at which Harper's designated witness, Gary Lamont Butler ("Butler"), did not appear, the PCRA court dismissed the Petition. Harper filed a timely Notice of Appeal.

Harper raises the following question for our review:

Did the [PCRA] court err in [dismissing Harper's] PCRA Petition since [] Butler submitted newly discovered evidence, in the form of an 11/11/14 affidavit, stating that he was an eyewitness to the 5/31/11 shooting of [] Walker, and that [Harper] was not the shooter[?] If the jury had heard this testimony, it would likely not have convicted [Harper] of the instant crimes, and therefore [Harper] should have been granted a new trial[.]

Brief for Appellant at 3 (capitalization omitted).

An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa. Super. 2014) (citation and brackets omitted).

Harper claims that the PCRA court erred in dismissing his Petition where he submitted newly discovered evidence. *See* Brief for Appellant at 17-20. Harper contends that the evidence provided by Butler's affidavit establishes that Harper was not the shooter. *See id.* at 20. Harper asserts that this evidence, presented to the jury with all other evidence, would have led to a finding of innocence. *See id.* Thus, Harper concludes that a new trial is required. *See id.*

> In order to present a successful newly discovered evidence claim:
>
> [Harper] must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010) (citations omitted). "The test is conjunctive; [Harper] must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Id.* Whether newly discovered evidence is corroborative or cumulative depends on the strength of other evidence supporting the conviction. *Id.* at 364. Further, where the newly discovered evidence supports a claim that the petitioner previously made

- 3 -

and litigated at trial, it is probably cumulative or corroborative of the evidence already presented. *Id.* at 365.

Here, Butler provided an affidavit explaining that he was at the bar on the evening of the incident, saw the shooter, the shooter was not Harper, and that the police never questioned him. *See* Affidavit, 11/24/14. However, Miller and another bar employee testified at trial that they did not know if Harper was the shooter. N.T., 9/25/12, at 71, 95, 104. Further, Walker testified that, while he could not definitively identify the shooter, he knew it was not Harper. N.T., 9/25/12, at 127. Thus, Butler's affidavit was merely corroborative to evidence presented at trial. *See Padillas*, 997 A.2d at 363.

Moreover, Harper has not demonstrated that Butler's testimony would have changed the outcome of the trial. Indeed, the PCRA court noted "overwhelming evidence implicating [Harper], most notably a surveillance video from inside [the bar] that captured [Harper,] and his conduct inside the bar." PCRA Court Opinion, 4/13/16, at 7; *see also* N.T., 9/27/12, at 323; *Commonwealth v. Childs*, 63 A.3d 323, 327 (Pa. Super. 2013) (stating that video surveillance was sufficient to identify appellant as the perpetrator). Thus, Harper's claim is without merit. *See Padillas*, 997 A.2d at 367-68 (stating that appellant is not entitled to a new trial where a new jury, presented with all evidence including the new witness testimony, would not arrive at a different outcome).

Based upon the foregoing, we conclude that the PCRA court properly dismissed the Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2016