J-S77007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT W. PIETRAK, | |
| Appellant | No. 892 MDA 2017 |

Appeal from the Judgment of Sentence Entered December 21, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000522-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 22, 2018**

Appellant, Robert W. Pietrak, appeals from the judgment of sentence of one-year probation, along with payment of restitution, fines, and costs, imposed after a jury convicted him of accidents involving damage to attended vehicle or property, 75 Pa.C.S. § 3743(a), and careless driving, 75 Pa.C.S. § 3714(a).  We affirm.

The trial court summarized the factual background and procedural history of this case as follows:

> [Appellant] was charged with one (1) count of Accidents Involving Damage to Attended Vehicle or Property, one (1) count of Disorderly Conduct, and one (1) count of Careless Driving due to a car accident that occurred on January 25, 2016.  On the morning of the accident, the roads were covered in snow due to a snowstorm that occurred the night prior.  While Kelly Sakel (hereinafter "Victim") was driving to work, her car got stuck in the

_____

[*] Former Justice specially assigned to the Superior Court.

snow. While stuck in the snow, [Appellant] approached Victim, got out of his vehicle and yelled at her. Victim testified that the accident occurred when [Appellant] drove off after the encounter. Victim's car suffered damages due to the accident. The damages totaled $399.62.

On October 7, 2016, a jury trial was held before the [c]ourt. [Appellant] was found guilty of one (1) count of Accidents Involving Damage to Attended Vehicle and one (1) Summary Offense of Careless Driving. [Appellant] timely filed a post sentence motion.

Trial Court Opinion (TCO), 5/1/2017, at 2-3.

On May 1, 2017, the trial court denied Appellant's post sentence motion. Thereafter, Appellant filed a timely notice of appeal, and complied with the court's instruction to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Presently, Appellant raises the following issues for our review:

I. Did the Commonwealth fail to present sufficient evidence at trial to prove beyond a reasonable doubt that [Appellant] was involved in a motor vehicle accident with another attended vehicle that resulted in only property damage to that other vehicle?

II. Were the verdicts of guilty against the weight of evidence in that the [j]ury and [j]udge placed too great a weight on [Victim's] testimony that [Appellant] was involved in a motor vehicle accident with her car that resulted in only property damage to [Victim's] car?

Appellant's Brief at 4.

First, Appellant challenges the sufficiency of the evidence underlying his convictions of accidents involving damage to attended vehicle or property,[1]

_____

[1] *See* 75 Pa.C.S. § 3743(a) ("The driver of any vehicle involved in an accident resulting only in damage to a vehicle or other property which is driven or

and careless driving.[2]  *See* Appellant's Brief at 8-9.  Initially, we set forth our standard of review for sufficiency claims:

> A challenge to the sufficiency of the evidence is a question of law, subject to plenary review.  When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner.  Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.  The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty.  Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Teems*, 74 A.3d 142, 144-45 (Pa. Super. 2013) (citation omitted).

Appellant only contests the sufficiency of the evidence on the basis that "the Commonwealth failed to present sufficient evidence to prove that his car was involved in a motor vehicle accident."  Appellant's Brief at 8.[3]  He argues

---

attended by any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid).  Every stop shall be made without obstructing traffic more than is necessary.").

[2] *See* 75 Pa.C.S. § 3714(a) ("Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense.").

[3] In his underdeveloped brief, which has an argument section spanning two pages, Appellant does not make sufficiency arguments specific to either of his convictions.

that "[Appellant's] mechanic, [Michael] Porta, testified at trial that there was nothing different about [Appellant's] car after the accident since the last time Porta inspected [Appellant's] car towards the end of December 2015." *Id.* In addition, he points out that "[Victim] did not testify that she actually observed [Appellant's] car hit her car, but only that she felt her car jarred as [Appellant] passed her location." *Id.* at 8-9. Thus, according to Appellant, the Commonwealth did not prove that Appellant's car hit Victim's car. *See id.* at 9.[4] We disagree.

> Victim provided the following testimony at trial:
>
> [Commonwealth:] Can you please tell us what happened that morning?
>
> [Victim:] There had been a snowstorm through the night and I had to be at work at 7 [a.m.] I was traveling from North Lebanon going south on 7th Street. Once I got down, [I] crossed the red light across Maple Street, the roads were pretty bad. It was down to one lane from two. There was a truck stuck coming the opposite way so I had stopped and waited[.] [It] got unstuck and traffic went through. Then I went to go and a truck came the other way and kind of pushed me over to the side so I got stuck in a bit of a … snow pile there, couldn't get out. So I had called my husband to come get me out.
>
> And in the meantime, I saw somebody got stuck coming off the side street, Guildford, kind of behind me. I saw a gentlem[a]n approaching my car, I put the window down and he started yelling at me to "fucking move my car." "You're a fucking moron." He – my husband was saying "what's going on?"[5] [T]hen [Appellant]

---

[4] We note that Appellant does not advance an argument pertaining to whether he knew, or reasonably should have known, that his car hit Victim's car.

[5] Victim testified that, at the time Appellant approached her car, she was talking to her husband on speakerphone. *See* N.T. Trial, 10/7/2016, at 13-14.

left, [and] got back in his car.  And I heard him reeving [*sic*] it and then I felt him hit my car, that it jarred me.  So I had put my head out the window and wrote his license plate down as he was passing then.

\*\*\*

[Commonwealth:] And prior to this accident, was there damage in the area where the damage appeared after the accident?

[Victim:] No.

\*\*\*

[Commonwealth:] [L]et's go back to the damage done to your car. Can you please tell us where – where that damage was?

[Victim:] So it was the driver rear bumper, on the corner of the bumper.

\*\*\*

[Commonwealth:] [On] the day of the accident[,] when [Appellant] hit your car, did any other cars hit you?

[Victim:] No.

N.T. Trial, 10/7/2016, at 7-8, 9, 11-12, 16.

In addition to Victim's testimony, Officer Stephanos Goumas — a City of Lebanon patrolman — gave the following testimony regarding damage to Appellant's vehicle:

[Commonwealth:] Why don't you tell us what you found when you looked at [Appellant's] car.

[Officer Goumas:] We found … new damage on the passenger side front bumper.  So the right side front bumper was damaged.

[Commonwealth:] Officer Goumas, in your work as a police officer and based on your training and experience, do you see – do you look at accident damage done to cars?

[Officer Goumas:] Yes, very often.

[Commonwealth:] And you saw accident[s] similar with the one[] you were investigating that day before?

- 5 -

[Officer Goumas:] Correct.

[Commonwealth:] And what – what are the characteristic signs of when you look at accidents for new damage – what are the characteristic signs of new damage?

[Officer Goumas:] Usually the damage – the scratches are not dull. Usually a little bit deeper. If there's any dust on it[,] it[] usually come[s] off because of the contact. You can tell when damage has been weathered, it's been sitting out in the elements for a while and when something is fresh.

[Commonwealth:] And when you looked at [Appellant's] car for signs of new damage, did you notice the characteristic signs you just described to us?

[Officer Goumas:] Yes.

N.T. Trial, 10/7/2016, at 30-31.

Reviewing this testimony and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, **see Teems, supra**, we deem the evidence sufficient to establish that Appellant's car hit Victim's car. Although Victim did not testify that she actually observed Appellant's car hit her car, she recounted that Appellant approached her car, yelled profanities at her, returned to his vehicle, and revved his engine. Victim then felt her car be hit. Victim's car sustained damage to the rear bumper on the driver's side, and Victim stated no other cars hit her that day. Moreover, even though Appellant's mechanic stated that he did not observe anything different about Appellant's car after the accident, Officer Goumas testified that he observed 'new damage' on the passenger side front bumper of Appellant's vehicle. We reiterate that the fact finder is free to believe all, part or none of the evidence. **Teems**, **supra.** Accordingly, Appellant's sufficiency claim fails.

Second, Appellant contests the weight of the evidence underlying his convictions. He states that "the jury placed too great a weight on [Victim's] testimony that [Appellant] hit her car because [Victim] did not testify that she actually observed [Appellant's] car hit her car, but only that she felt her car jarred as [Appellant] passed her location." Appellant's Brief at 9.

We apply the following standard of review:

An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. The Pennsylvania Supreme Court has explained that appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. To grant a new trial on the basis that the verdict is against the weight of the evidence, this Court has explained that the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Childs*, 63 A.3d 323, 326-27 (Pa. 2013) (citation and internal brackets mitted).

Here, the trial court explained that "the jury heard testimony from Victim that [Appellant] took the time to get out of his car to scream at her before he angrily drove off." TCO at 8. Further, it discerned that "[t]he jury was also presented with … Victim's testimony that she felt her vehicle be struck by [Appellant's] vehicle." *Id.* Therefore, it concluded that "[t]he decision rendered by this jury does not shock the [c]ourt's sense of justice." *Id.* We discern no abuse of discretion by the trial court, and therefore determine that Appellant's weight claim also fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2018