J-S29010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD LEE COOPER III | : | |
| | : | |
| Appellant | : | No. 2495 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 2, 2019
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000476-2019

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.: Filed: July 23, 2020

Appellant, Donald Lee Cooper III, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas on August 2, 2019, after he was resentenced to imprisonment following revocation of his parole. For the reasons discussed below, we vacate and remand for resentencing.

On March 4, 2019, Appellant entered a negotiated guilty plea to defiant trespass. The trial court imposed a negotiated sentence of time-served[1] to six months' incarceration, plus payment of costs of prosecution, a fine of one

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant received credit for eighteen days of incarceration from November 18, 2018 to December 6, 2018.

hundred dollars, and supervision fees. *See* N.T., Guilty Plea, 3/4/2019, at 6; *see also* Sentencing Order, 3/4/2019, at 2. Approximately one month later Appellant was paroled.

On August 2, 2019, Appellant stipulated to violating his parole. Specifically, Appellant stipulated that he was arrested on new charges, including defiant trespass; he failed to report to the probation and parole department as directed; he failed to maintain a legal and verifiable address; and he failed to pay fines and costs as directed.[2] The court sentenced Appellant to to serve the balance of his original sentence, dated from May 31, 2019, with no credit for time on parole, and with eligibility for parole after three months. The sentencing order further specified that Appellant must pay the "balance [due] within the first 4 months of supervision in monthly installments as directed" and that he "shall pay the monthly offender supervision fee". Sentencing Order, 8/2/2019. This appeal followed.

Appellant raises two issues on appeal.

1. Did the trial court err in revoking parole on the basis of failure to pay costs and a fine without determining that the failure to pay was willful?

2. Did the parole revocation sentence illegally exceed the original sentence where: (a) the court sentenced [Appellant] to five months and twelve days of back-time after he served forty-eight days on a six month sentence and, (b) he is being ordered to pay the balance on a $1,000 fine but was originally sentenced to a $100 fine?

_____

[2] Appellant was charged with failing to pay a balance due of $1,819.00, and an overdue amount of $727.60.

- 2 -

*See* Appellant's Brief, at 2.

In his first issue, Appellant contends he was sentenced to incarceration "in substantial part [for] failure to pay a fine and costs, without a determination that he was able to pay the fine and costs" and therefore his case should be remanded for an ability-to-pay hearing. *Appellant's Brief*, at 9-10. "Prior to imprisoning a contemnor for failure to pay fines or costs, the trial court must render findings of fact on the contemnor's financial resources." *Commonwealth v. Diaz*, 191 A.3d 850, 866 (Pa. Super. 2018). "A claim that the trial court erroneously imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is de novo." *Commonwealth v. Childs*, 63 A.3d 323, 325 (Pa. Super. 2013) (citation omitted).

In its 1925(b) opinion, the trial court admits that it revoked Appellant's parole "in part based upon his failure to pay supervision fees" and further that "[t]here was no determination as to his ability to pay." Trial Court Opinion, at 4-5. Both the Commonwealth and the trial court agree a remand is necessary for a hearing to determine Appellant's ability to pay his financial obligations.

We find Appellant's assertion that his failure to pay his financial obligations was a "substantial" basis for his sentence of incarceration is belied by the record, as Appellant stipulated to *multiple* violations of his parole in addition to his failure to pay his financial obligations, all of which the court

- 3 -

took into consideration in resentencing Appellant. It is unclear from the record the amount of weight given to each violation.

We nevertheless agree that to the extent Appellant's failure to pay his financial obligations factored into the court's reasoning in any way, Appellant was entitled to an ability-to-pay hearing. **See** Pa.R.Crim.P. 706(A) ("A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs."); **see also Diaz**, 191 A.3d at 866. We therefore remand to the trial court for a hearing on Appellant's ability to pay his financial obligations.

Due to our disposition, we need not reach Appellant's second issue, in which he contends his new sentence illegally exceeds his original sentence in that the trial court miscalculated the balance of his sentence and ordered him to pay a higher fine than the original sentence. Since we are remanding for a hearing on Appellant's failure to pay his financial obligations, a factor in his sentence of incarceration, it follows that the sentence imposed following revocation of Appellant's parole is vacated, and we need not address this issue further. Appellant may raise these issues before the trial court on remand, prior to resentencing.

Case remanded for resentencing after a determination of Appellant's ability to pay his financial obligations. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/23/20</u>