J-A19012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OSCAR DUNN III | : | |
| | : | |
| Appellant | : | No. 97 EDA 2020 |

Appeal from the Order Entered August 19, 2019
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003035-2018

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.: Filed: April 22, 2021

Oscar Dunn III appeals from his August 19, 2019 judgment of sentence, which included the imposition of mandatory court costs and monthly offender supervision fees. He argues he was entitled to an ability-to-pay hearing before the court imposed these costs at sentencing. We recently rejected an almost identical claim in **Commonwealth v. Lopez**, -- A.3d --, 1313 EDA 2018, 2021 WL 1096376 (Pa. Super. March 23, 2021) (*en banc*), and therefore affirm Dunn's judgment of sentence on the basis of that decision.

Police found a firearm and drugs on Dunn following a traffic stop on March 14, 2018. Dunn was arrested and charged with various offenses. Following a stipulated bench trial, he was found guilty of illegally possessing a firearm and possession of drug paraphernalia. The trial court sentenced Dunn to an aggregate term of five to ten years' imprisonment. It also directed

Dunn to pay the costs of prosecution as well as monthly offender supervision fees.

Dunn filed a timely notice of appeal and subsequently complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court issued a Pa.R.A.P. 1925(a) opinion in response. In that opinion, the trial court rejected Dunn's sole claim that the court was required to hold an ability-to-pay hearing before it imposed the costs of prosecution and the offender supervision fees at sentencing. Dunn now argues in his appeal to this Court that the trial court erred in reaching this conclusion. However, this claim plainly fails under our recent decision in **Lopez**.

In **Lopez**, this Court explicitly held that a trial court is not required to hold an ability-to-pay hearing prior to imposing the mandatory costs of prosecution on a defendant at sentencing. **See Lopez**, 2021 WL 109376 at *1, *5. Rather, we explained that Pa.R.Crim.P. 706 only requires a trial court to hold such a hearing before a defendant faces incarceration for failing to pay those costs. **See id.** As Dunn has not been threatened with incarceration for defaulting on the court costs imposed on him, he was not entitled to a hearing on his ability to pay those costs under **Lopez** and his claim to the contrary necessarily fails.

Dunn also maintains that he was entitled to an ability-to-pay hearing before the trial court directed him to pay the monthly offender supervision fees at sentencing. We found in **Lopez** that Lopez had not raised his claim

related to supervision fees in his Pa.R.A.P. 1925(b) statement and therefore, had not preserved the issue for our review.[1] Unlike Lopez, Dunn did raise his claim that the court was required to hold an ability-to-pay hearing prior to imposing the supervision fees in his 1925(b) statement. Nonetheless, we find that the claim is without merit.

In support of his claim, Dunn points to 18 P.S. § 11.1102(c), which provides that the court "shall impose … a monthly supervision fee … unless the court finds that the fee should be reduced, waived or deferred based on the offender's present inability to pay." 18 P.S. § 11.1102(c). However, as the trial court explained when finding that Section 11.1102(c) did not require it to hold an ability-to-pay hearing prior to imposing the supervision fees:

> [T]he provisions of 18 P.S. § 11.1102 clearly indicate that the "court **shall** impose" a monthly supervision fee. While the court may make findings regarding the ability of an offender to pay a fee, such a finding is not required nor is a finding of the offender's financial ability a precondition to the imposition of the fee.

Trial Court Opinion, 2/6/2020, at 4 (emphasis in original).

We agree. As the Commonwealth points out, nothing in Section 11.1102(c) dictates that a trial court must conduct an ability-to-pay hearing before it imposes a supervision fee at sentencing. Rather, while the trial court may conduct such a hearing at that time, Section 11.1102(c) does not require

---

[1] Lopez's claim regarding the supervision fees differed from Dunn's in that Lopez's claim involved a local court policy in Philadelphia County not to waive supervision fees unless requested by the Philadelphia Probation Department. *See id.* at *5. Dunn's case took place in Montgomery County.

it to do so. We see no reason to distinguish supervision costs from those costs addressed in *Lopez*.

Moreover, we note that *Lopez* left this Court's decision in *Commonwealth v. Childs*, 63 A.3d 323 (Pa. Super. 2013), completely undisturbed. *See Lopez*, 2021 WL 1096376 at *4 - *5. In *Childs*, the appellant argued that the sentencing court was required to hold an ability-to-pay hearing prior to imposing costs, which included both court costs and a monthly supervision fee. The *Childs* Court rejected the appellant's claim, holding that the sentencing court was not required to hold a hearing on his ability to pay the ordered costs unless and until he risked incarceration for failure to pay those costs. *See Childs*, 63 A.3d at 326. The *Childs* court made clear that although a trial court has the discretion to hold a hearing prior to imposing court costs and the monthly supervision fee at sentencing, it was only required to hold "such a hearing prior to any order directing incarceration for failure to pay the ordered costs." *Id*.

*Childs* remains good law and, along with *Lopez*, controls Dunn's claim here. Accordingly, we conclude that the trial court did not err by failing to hold an ability-to-pay hearing prior to imposing the court costs and monthly supervision fees on Dunn at sentencing. No relief is due.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date:4/22/21*