J-S05014-21
J-S05015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM CHAPIN | : | |
| | : | |
| Appellant | : | No. 978 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 20, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0006907-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY JAMES | : | |
| | : | |
| Appellant | : | No. 980 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 21, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0006041-2019

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                              Filed: April 22, 2021

William Chapin appeals from his February 20, 2020 judgment of sentence of three years of probation, which was entered after he pled guilty to retail theft and simple possession of a controlled substance.  Separately, Anthony James appeals from his February 21, 2020 judgment of sentence of 186 days to twenty-three months of incarceration followed by two years of

probation, which was entered after he pled guilty to retail theft and resisting arrest. In these consolidated appeals, we affirm both judgments of sentence.[1]

Due to the nature of our holding and the arguments asserted by Chapin and James (collectively, "Defendants"), we will review the factual histories of these cases only briefly. On August 19, 2019, James stole merchandise from a Home Depot located in Plymouth Township, Pennsylvania, and resisted arrest when apprehended by an off-duty member of law enforcement. In an unrelated incident, on October 17, 2019, Chapin was arrested while shoplifting from a Rite Aid located in Lower Merion Township, Pennsylvania, and was found to have a single packet of heroin on his person.

As part of separately negotiated pleas with the Commonwealth, Defendants pled guilty to the offenses, and received the sentences, noted above. They were also each ordered to pay the costs of their respective prosecutions and offender supervision fees in connection with their terms of probation.[2] ***See*** N.T. Guilty Plea and Sentencing, 2/20/20, at 11; N.T. Guilty

_____

[1] We have *sua sponte* consolidated these cases pursuant to Pa.R.A.P. 513, as both appeals implicate an identical issue concerning whether a sentencing court must conduct an ability-to-pay determination under Pa.R.Crim.P. 706. Beyond the substitution of names and minor details, the post-sentence motions and appellate briefs submitted by Chapin and James are practically identical. Finally, we also note that Defendants are both represented by the same attorney from the Montgomery County Office of the Public Defender.

[2] The imposition of these costs and supervision fees are mandated by statute. ***See*** 18 P.S. §§ 11.1101(a)(1) ("A person who pleads guilty shall, . . . pay costs of at least $60 and may be sentenced to pay additional costs . . . ."), 11.1102(c) ("The court shall impose as a condition of supervision a monthly

Plea and Sentencing, 2/21/20, at 9. Defendants both filed timely post-sentence motions asking that the sentencing court[3] waive these costs under Pa.R.Crim.P. 706 by holding a hearing to assess their alleged financial indigency. The sentencing court promptly denied these requests.

Defendants filed timely appeals to this Court.[4] Defendants and the sentencing court have timely complied with their respective obligations under

_____

supervisions fee of at least $25 on any offender placed on probation . . . ."); 42 Pa.C.S. § 9721(c.1) ("[T]he court shall order the defendant to pay costs").

[3] In pleading guilty and being sentenced, Defendants appeared before the Hon. Cheryl L. Austin of the Montgomery County Court of Common Pleas on successive days in February 2020. Accordingly, we will refer to the "sentencing court" in the singular throughout this writing.

[4] The sentencing court denied Defendants' post-trial motions on February 25, 2020, in separate orders. Thereafter, Defendants had thirty days in which to appeal to this Court, or until March 27, 2020. **See** Pa.R.Crim.P. 720(A)(2)(a). James's notice of appeal was not filed until April 6, 2020, and Chapin's notice of appeal was not filed until April 8, 2020. Thus, both notices were facially untimely. **See** Pa.R.A.P. 903(a).

However, the original filing deadline for Defendants' notices of appeal fell during a judicial emergency that was declared in response to the COVID-19 pandemic. On March 12, 2020, President Judge Thomas M. DelRicci of the Montgomery Court of Common Pleas petitioned the Supreme Court to, *inter alia*, declare a judicial emergency and "[s]uspend time calculations for the purposes of time computation within this judicial district for the filing of documents with the Court or taking other judicially mandated action." Request for Emergency Judicial Order, **In RE: 38th Judicial District**, 29 MM 2020, at ¶ 1(b)(1). On the same day, our Supreme Court granted the request. **See** Order, **In RE: 38th Judicial District**, 29 MM 2020, at 1; **see also** .

On March 16, 2020, President Judge DelRicci entered a concomitant order that tolled statewide filing deadlines throughout the judicial district. **See** Order, **In RE: 38th Judicial District**, 29 MM 2020, at 2 ("All statewide procedural

Pa.R.A.P. 1925. Defendants have raised a single issue for our consideration: "Did the sentencing court err in imposing the costs of prosecution and offender supervision fee on an indigent person absent a consideration of their financial means?" Chapin's brief at 2; James's brief at 2.

Defendants both assert that the sentencing court erred by imposing the aforementioned costs without holding a hearing to consider their respective capacities to pay under Pa.R.Crim.P. 706 and 18 P.S. § 11.1102(c). In so arguing, Defendants are contesting the authority of the sentencing court to impose the costs at issue and, therefore, challenge the legality of his sentence. *See Commonwealth v. Lehman*, 201 A.3d 1279, 1283 (Pa.Super. 2019), *affirmed at* 243 A.3d 7 (Pa. 2020) ("Because [the defendant] challenges the trial court's authority to impose costs . . . , we conclude that the [defendant's] claim implicates the legality of his sentence[.]").[5] Therefore, our scope of review is plenary and our standard of review is *de novo*. *Id*. at 1282.

---

and administrative rules involving time calculations within the 38th Judicial District for the filing of documents with the court or taking of judicially mandated action are suspended for the period of time covered by the emergency declaration."). Thus, the calculation of the filing deadline with respect to Defendants' notices of appeal was suspended as of March 12, 2020, and remained in force at the time that Defendants filed their respective notices. *See* March 31, 2020 Declaration, *In RE: 38th Judicial District*, 29 MM 2020, at 2 (extending the judicial emergency until April 30, 2020). Thus, these appeals were timely filed.

[5] *But see Commonwealth v. Mulkin*, 228 A.3d 913, 919 (Pa.Super. 2020) ("[A] direction to pay costs in a criminal proceeding is not a part of the sentence, but is an incident of judgment.")

- 4 -

From the outset of our analysis, we note that this Court has previously reviewed the propriety of supervision fees as encompassing part of the "costs" associated with a defendant's prosecution. ***See Commonwealth v. Childs***, 63 A.3d 323, 325-26 (Pa.Super. 2013) (reviewing legality of "supervision fees" as a "cost" imposed by the sentencing court and concluding that the sentencing court is not required to conduct an ability-to-pay determination). Accordingly, we will assess the legality of these costs collectively.

The main thrust of Defendants' claim for relief relies upon Rule 706, which provides, in pertinent part, as follows:

> (A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.
>
> (B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, . . . .
>
> (C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

Pa.R.Crim.P. 706. Additionally, these appeals also implicates § 11.1102(c), which states that "[t]he court shall impose as a condition of supervision a monthly supervision fee of at least $25 on any offender placed on probation,

. . . unless the court finds that the fee should be reduced, waived or deferred based on the offender's present inability to pay." 18 P.S. § 11.1102(c).

Overall, Defendants' argument is straightforward and asserts that the sentencing court erred by failing to conduct an ability-to-pay determination prior to imposing the aforementioned costs. **See** Chapin's brief at 4; James' brief at 4 ("Pennsylvania Rule of Criminal Procedure 706(C) requires the sentencing court to determine whether a fine or costs would place a burden upon the defendant by reason of the defendant's financial means.'") (quoting Pa.R.Crim.P. 706(C)). We disagree.

This Court recently affirmed that defendants are not entitled to a hearing on their ability to pay before being sentenced to pay mandatory costs, as Rule 706 requires a hearing only before incarcerating a defendant for failure to pay. **See Commonwealth v. Lopez**, ___ A.3d ___, 2021 WL 1096376 at *1 (Pa.Super. March 23, 2021) (*en banc*) ("[W]hile a trial court has the discretion to hold an ability-to-pay hearing at sentencing, Rule 706(C) only requires the court to hold such a hearing when a defendant faces incarceration for failure to pay court costs previously imposed on him."). Moreover, **Lopez** merely reaffirmed existing precedent set forth in **Childs**, **supra** at 326 (same).

To the extent that Defendants assert that Rule 706(C) **requires** a trial court to conduct an assessment of a defendant's financial status before imposing costs, they are mistaken. Our **Lopez** decision makes clear that, while such hearings **may** be held at the discretion of the sentencing court,

they are not a legal prerequisite to the imposition of mandatory costs.[6]  Thus,

we discern no illegality in these financial aspects of Defendants' sentences.

Judgments of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date:4/22/21

---

[6] Defendants devote the lion's share of their argument to discussing Rule 706, while mentioning the provisions of 18 P.S. § 11.1102(c) in mere passing.  To the extent that Defendants rely upon this statute for relief, we note that § 11.1102(c) similarly contains no directive that a sentencing court must conduct a pre-sentencing determination of a defendant's ability to pay. Rather, § 11.1102(c) merely vests the sentencing court with the discretion to waive such costs if it deems it appropriate.  ***See***, ***e.g.***, ***Commonwealth v. Childs***, 63 A.3d 323, 326 (Pa.Super. 2013) (discussing Rule 706 and § 11.1102(c) in the context of presentencing ability-to-pay hearings and concluding that no such requirement is placed upon the sentencing court prior to imposing costs); ***see also***, ***e.g.***, ***Commonwealth v. Clement***, 2020 WL 7075306, at *2 n.8 (Pa.Super. 2020) (non-precedential decision) ("Merely because a court has the discretion to waive the fee, does not mean that it abuses its discretion if it chooses not to do so.").  Thus, the incorporation of § 11.1102(c) into Defendants' arguments does not change our analysis.