J-S16020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :         PENNSYLVANIA
  :
       v.                  :
  :
  :
AKEEM EDWARDS             :
  :
       Appellant         :   No. 1511 EDA 2019

Appeal from the Judgment of Sentence Entered April 30, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001578-2017

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED MAY 4, 2021**

Akeem Edwards appeals from the judgment of sentence imposed on his convictions for Simple Assault, Harassment, and Driving While Operating Privilege Suspended or Revoked.[1] Edwards challenges the admission of hearsay evidence through the excited utterance hearsay exception and the court's imposition of the costs of prosecution. We affirm.

The facts giving rise to Edwards' convictions are as follows. On February 3, 2017, at approximately 11:05 a.m., Officer John Herring of the Lower Moreland Township Police Department responded to a 911 call from a frantic woman later identified as the victim, Sharondah King. N.T., Trial, 4/30/2019, at 9-11. When he arrived at the scene, Officer Herring observed a black 2006 Nissan Pathfinder that was partially in the street in the lane opposite him and

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 2709(a)(1) and 75 Pa.C.S.A. § 1543(a), respectively.

partially on the shoulder. *Id.* at 9-11, 21. Edwards was at the open driver's door. *Id.* at 21. Officer Herring also observed a black female – later identified as King – walking from the street where the vehicle was stopped to the sidewalk, about 50 feet from the vehicle. *Id.* 10-11.

Officer Herring approached King, who was bleeding from the lip and crying, and asked her, "What happened?" *Id.* at 11, 15. King said that her boyfriend hit her because she called him "gay." *Id.* at 13. She was angry and yelling. *Id.* at 11. While Officer Herring was speaking with King, Edwards, who was also visibly angry, walked towards them and yelled, "What did she just say?" *Id.* at 14. Officer Herring then told Edwards to walk away from King so he could talk to Edwards about what happened. *Id.*

Edwards told Officer Herring that he and King had gotten into an argument because he got lost while he was driving King to a job interview. *Id.* at 15. Edwards said he then threatened to hit King and did in fact hit her. *Id* at 18-19. Officer Herring asked Edwards specifically how he hit King and Edwards admitted that he backhanded her. *Id*. at 19. Officer Herring then placed King in a patrol car to separate her from Edwards. *Id*. at 20. After speaking with King further, he learned that Edwards had struck her with the back of his open hand. *Id*. at 21. At this point, King was still visibly upset from the situation. *Id*. at 20. Officer Herring then placed Edwards under arrest for the above offenses. *Id.* at 21. While he was being placed under arrest, Edwards stated that his license was suspended. *Id*. at 21-23.

At his bench trial, Edwards raised a hearsay objection when Officer Herring attempted to testify about what King told him when he arrived on the scene. *Id.* at 11. The court overruled the objection, allowing the Commonwealth the opportunity to lay a foundation. *Id.* After giving further background, Officer Herring again attempted to testify about King's statements to him at the scene, and Edwards again objected. *Id.* at 12.

> [Defense Counsel]: Objection, Your Honor. They haven't established that this is an excited utterance. At this point, this is just hearsay. It is a nonfactor, after three minutes and 20 seconds from when the incident may have occurred. We actually don't even know when the incident would have occurred, based on what the Commonwealth has established. We just know that there was a phone call; we don't know who it was from. And we know the officer arrives on the scene about three minutes later and sees somebody who is crying. That isn't enough to establish an excited utterance. It has to be something that shows they're still under the stress of the excited event.

*Id.* The Commonwealth responded that it had met the excited utterance exception because "we have an officer who is arriving on scene, in the middle of a situation, and receiving information of that time while still under the stress of the events." *Id.* at 13. The trial court overruled Edwards' objection. *Id.*

Later during the trial, Edwards lodged a hearsay objection when the Commonwealth asked Officer Herring if King was able to identify her boyfriend, who had hit her. *Id.* at 13-14. The court overruled this objection as well. *Id.* at 14. Edwards also lodged a hearsay objection when the Commonwealth asked Officer Herring if he was able to "establish any further information that either corroborated what you had learned from the defendant

or not?" *Id.* at 19. The trial court again gave the Commonwealth the opportunity to establish a foundation, and after additional questioning, the Commonwealth asked Officer Herring the question again. *Id.* at 20. Edwards lodged another hearsay objection to the question of what King had told Officer Herring, which the trial court overruled. *Id.* at 20-21.

The trial court found Edwards guilty of all three counts and sentenced him to one year of reporting probation on the Simple Assault conviction.[2] It also imposed a $200 fine for Driving with a Suspended License, and required Edwards to pay the costs of prosecution for both convictions. This timely appeal followed.

In his appellate brief, Edwards raises a single issue: "Did the trial court erroneously admit the hearsay statements of [King] as excited utterances?" Edwards' Br. at 2. Edwards maintains that the trial court erred in overruling his hearsay objections to Officer Herring's testimony about King's statements. Edwards argues that "[t]he factors that allow excited utterances to enter were not met: time had passed since the startling event; the statements were in response to officer questioning; and the statements were a narrative of the events." *Id.* at 6.

We review the admission of evidence for an abuse of discretion. *Commonwealth v. Saez*, 225 A.3d. 169, 177 (Pa.Super. 2019). "A determination that a trial court abused its discretion in making an evidentiary

---

[2] The court found that harassment merged with simple assault.

ruling 'may not be made merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.'" **Id.** at 178 (quoting **Commonwealth v. Hoover**, 107 A.3d 723, 729 (Pa. 2014)).

"Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement." **Commonwealth v. Kuder**, 62 A.3d 1038, 1055 (Pa.Super. 2013). Hearsay is inadmissible unless it falls within an exception to the hearsay rule. **See Commonwealth v. Le**, 208 A.3d 960, 970 (Pa. 2019).

One exception to the hearsay rule is an excited utterance. An excited utterance is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Pa.R.E. 803(2). This exception applies regardless of whether the declarant is available as a witness. **Id.** To qualify as an excited utterance, the declarant must have spontaneously made the statement either while experiencing the startling event, or "so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties." **Commonwealth v. Murray**, 83 A.3d 137, 157 (Pa. 2013) (quoting **Commonwealth v. Sherwood**, 982 A.2d 483, 496 (Pa. 2009)).

There is no particular time after the startling event that the statement must occur. **See Commonwealth v. Wholaver**, 989 A.2d 883, 906-07 (Pa. 2010). Rather, the question is whether the declarant was still under "nervous

excitement" at the time the declarant made the utterance. *Id*. at 907 (quoting Pa.R.E. 803(2), cmt.)). To determine whether a statement qualifies as an excited utterance, "the court must consider, among other things, whether the statement was in narrative form, the elapsed time between the startling event and the declaration, whether the declarant had an opportunity to speak with others and whether, in fact, she did so." ***Commonwealth v. Carmody***, 799 A.2d 143, 147 (Pa.Super. 2002).

The trial court did not abuse its discretion in determining that King's statements fell within the excited utterance hearsay exception. Officer Herring testified that he arrived on the scene only three minutes and 20 seconds after the 911 call. **See** N.T., Trial, at 10, 21. When he arrived on the scene, and when King made the statements at issue, King was bleeding from her lip, crying, and visibly angry. **See id.** at 11, 15. Edwards' argument that too much time had elapsed for at least some of the statements to qualify as excited utterances lacks merit. The record is sufficient to support the finding that King was still under the effect of the startling event when she made the statements.

Edwards also points out that King made at least some of the statements in response to police questioning, which, according to Edwards, in combination with King's continuing to argue with Edwards, gave King time to reflect. However, as Edwards concedes, police questioning does not render a statement *per se* inadmissible as an excited utterance. Rather, police questioning does not render a statement ineligible for admission as an excited utterance so long as it was a "spontaneous" utterance while the declarant was

under the stress of a startling event. Statements in response to police questioning that nonetheless are excited utterances include those where an officer merely asked what happened. *See **Commonwealth v. Colon***, 102 A.3d 1033, 1038 (Pa.Super. 2014). Such was the case here. The officer's questioning was brief and the continued argument with Edwards, if anything, continued the startling event. Edwards' argument does not go to admissibility but rather to credibility.

Edwards' last point regarding the admissibility of King's statements is his claim that she may have spoken to others because she had her phone with her between the time of the 911 call and when the police arrived. However, this argument is pure speculation, as nothing in the record suggests King in fact spoke to anyone. Thus, the evidence supports the trial court's finding that King made the statements while still under the influence of the startling event, such that the statements qualified as excited utterances. Moreover, even if the trial court erred in admitting the statements as excited utterances, the error was harmless, as Officer Herring also testified that Edwards admitted to hitting King.

Edwards also claims a violation of both the Pennsylvania and Federal Confrontation Clauses due to the trial court's admitting King's statements. Edwards argues that the court's doing so "denied him the right to confront and cross-examine the only eyewitness to the event." Edwards Br. at 6. This issue is meritless.

Whether the admission of the statements violated Edwards' Confrontation Clause rights is a question of law for which the standard of review is *de novo* and the scope of review is plenary. **Commonwealth v. Brown**, 139 A.3d 208, 211 (Pa.Super. 2016).

Edwards relies on **Commonwealth v. Keys**, 814 A.2d 1256 (Pa.Super. 2003), to support his Confrontation Clause argument. Edwards' Br. at 10. However, **Keys** is not on point. There, this Court concluded that hearsay statements were not admissible as excited utterances and then stated, "Most importantly, the admission of the hearsay served to deny the accused the right of confronting and cross-examining the sole eyewitness against him." **Keys**, 814 A.2d at 1259. This Court did not intend that statement as a finding of a Confrontation Clause violation, and indeed, at no point even entertained a Confrontation Clause challenge.

Edwards also makes an argument in the body of his brief that the trial court "erred in assigning costs without considering Mr. Edwards' ability to pay," which raises a challenge to the legality of his sentence. **See** Edwards' Br. at 10; **Commonwealth v. Childs**, 63 A.3d 323, 325 (Pa.Super. 2013). Edwards claims that the trial court "wrongly ordered [him] to pay the costs of prosecution as part of his sentence." Edwards' Br. at 10.

This issue is meritless. A court is not required to hold "a presentence ability-to-pay hearing . . . when costs alone are imposed." **Commonwealth v. Ford**, 217 A.3d 824, 827 n.6 (Pa. 2019). Rather, a trial court only has to hold an ability-to-pay hearing before it sentences a defendant to prison

because of the failure to pay costs. **Id.**; **see also** Pa.R.Crim.P. 706(A); **Childs**, 63 A.3d at 326; **Commonwealth v. Lopez**, ---A.3d----, 2021 WL 1096376, at * 5 (Pa.Super. filed Mar. 23, 2021) (*en banc*).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/04/2021