J-E01005-20

2021 PA Super 51

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXIS LOPEZ | : | |
| | : | |
| Appellant | : | No. 1313 EDA 2018 |

Appeal from the Judgment of Sentence April 27, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004377-2015

BEFORE: PANELLA, P.J., STABILE, J., DUBOW, J., KUNSELMAN, J.,
NICHOLS, J., MURRAY, J., McLAUGHLIN, J., KING, J., and
McCAFFERY, J.

OPINION BY PANELLA, P.J.:                    **FILED MARCH 23, 2021**

Appellant, Alexis Lopez, appeals from his April 27, 2018 judgment of

sentence, which included the imposition of mandatory court costs. Appellant

argues that he was entitled to a hearing under Pa.R.Crim.P. 706(C) to

determine his ability to pay those court costs before the court imposed them

at sentencing. We disagree. Instead, we hold that while a trial court has the

discretion to hold an ability-to-pay hearing at sentencing, Rule 706(C) only

requires the court to hold such a hearing when a defendant faces incarceration

for failure to pay court costs previously imposed on him. We therefore affirm

Appellant's judgment of sentence.

This appeal implicates the interpretation of the Rules of Criminal

Procedure, which presents a question of law. Therefore, our standard of review

is *de novo*, and our scope of review is plenary*. **See Commonwealth v. Dowling**, 959 A.2d 910, 913 (Pa. 2008).

The judgment of sentence underlying this appeal was entered following the revocation of Appellant's probation. Appellant originally pled guilty to one count of possession with intent to deliver a controlled substance. The trial court sentenced Appellant to 11½ to 23 months' incarceration, to be followed by three years of probation. On December 30, 2015, the trial court granted Appellant parole.

Appellant serially violated his parole. At Appellant's last probation and parole violation hearing on January 18, 2018, the court found Appellant in technical violation of his probation and revoked it. The court deferred resentencing and scheduled a resentencing hearing that was eventually held on April 27, 2018.

Prior to that resentencing hearing, Appellant filed a Motion for Ability-to-Pay Hearing at Sentencing to Waive Costs, in which he argued that the trial court was required to hold a hearing on his ability to pay before the court could impose mandatory court costs. Specifically, in the motion, Appellant maintained that Rule 706(C), along with Sections 9721(c.1) and 9728(b.2) of the Sentencing Code, mandated that the court hold an ability-to-pay hearing before imposing court costs at sentencing. **See** Pa.R.A.P. 706(C); 42 Pa.C.S.A. §§ 9721(c.1), 9728(b.2).

The trial court heard arguments on the legal issues raised by Appellant's Motion for Ability-to-Pay Hearing at the resentencing hearing on April 27,

- 2 -

2018. Following the arguments, the court denied the motion, stating that it was not going to "start a court-wide practice of not imposing costs without having a hearing" when it was not required to do so by "current Superior Court law." N.T., 4/27/18, at 19. The court also denied the oral request Appellant made at the hearing to waive his probation supervision fees.

The court then resentenced Appellant to six to 23 months' incarceration, with immediate parole, to be followed by two years of probation. It also imposed $1695.94 in mandatory court costs.

Appellant filed a notice of appeal and subsequently complied with the court's directive to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. In response, the court issued a Pa.R.A.P. 1925(a) opinion. In the opinion, the court first explained that it had denied Appellant's Motion for Ability-to-Pay Hearing because it was simply not required to hold such a hearing prior to imposing court costs under the clear dictates of this Court's decision in **Commonwealth v. Childs**, 63 A.3d 323, 326 (Pa. Super. 2013) (holding that Rule 706 only requires a trial court to hold an ability-to-pay hearing when a defendant risks incarceration for failing to pay court costs). The court also explained that it had denied Appellant's oral motion to waive probation supervision fees because of the Philadelphia Court of Common Pleas' informal policy not to waive supervision fees unless that waiver was requested by the Probation Department. The court noted that such a policy was also consistent with **Childs**.

In his appeal, Appellant first argues that the court erred by denying his Motion for Ability-to-Pay Hearing because Section C of Rule 706 obliges a sentencing court to conduct an ability-to-pay hearing before imposing court costs on a defendant at sentencing. Specifically, Appellant argues that "[w]hile other sections of [Rule 706] provide for the procedures in case of a subsequent default, Section C … unambiguously requires that a court consider a defendant's ability to pay when it imposes costs." Appellant's Brief at 6, 8 (capitalization of certain words omitted). We do not agree with Appellant that Section C can be read in isolation from the rest of Rule 706. As a result, we conclude that Rule 706 does not impose a requirement that a court hold an ability-to-pay hearing before imposing court costs on the defendant at sentencing.

Rule 706, as with all Rules of Criminal Procedure, is to be construed in accordance with the rules of statutory construction to the extent possible. *See* Pa.R.Crim.P. 101(c). Our Supreme Court has made clear that all sections of a statute must be read together and in conjunction with each other and must be construed with reference to the entire statute. *See Trust Under Agreement of Taylor*, 164 A.3d 1147, 1155 (Pa. 2017). As this mandate applies equally to Rule 706, and all of its sections, it is critical to look at the Rule in its entirety. To that end, Rule 706 provides:

> (A)  A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.

- 4 -

(B)  When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.

(C)  The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

(D)  In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent. At such hearing, the burden shall be on the defendant to prove that his or her financial condition has deteriorated to the extent that the defendant is without the means to meet the payment schedule. Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

Pa.R.Crim.P. 706.

When the sections of Rule 706 are read sequentially and as a whole, as the rules of statutory construction direct, it becomes clear that Section C only requires a trial court to determine a defendant's ability to pay at a hearing that occurs prior to incarceration, as referenced in Sections A and B. To be sure, this Court reached this very conclusion in ***Commonwealth v. Ciptak***, 657 A.2d 1296 (Pa. Super. 1995), *reversed on other grounds*, 665 A.2d 1161 (Pa. 1995). There, in rejecting the defendant's claim that Pa.R.Crim.P.

1407(c), the predecessor to Rule 706,[1] required the sentencing court to determine his ability to pay prior to imposing costs at sentencing, our Court explained:

> **[T]he rules of statutory construction indicate that Pa.R.Crim.P. 1407 deals in its entirety with a defendant's default from payment of a fine or the costs of prosecution**. Rule 1407(a) … precludes a court from imprisoning a defendant for failure to pay a fine or costs unless, following a hearing, the court determines that the defendant is capable of paying the sums due. In part (b), the [Rule] goes on to outline the forms of relief that the court may provide where it determines that the defendant lacks the financial means to pay the sums due, immediately or in a single remittance. The final provision of the [Rule], part (d), outlines the steps to be taken after the court has granted the defendant relief in the form of an installment payment plan if the defendant finds himself again in default or believes that default is imminent.
>
> As the provisions of the [Rule] which precede and follow Pa.R.Crim.P. 1407(c) set forth [the] procedure regarding default on payment of costs or fines, we can only conclude that Pa.R.Crim.P. 1407(c) addresses the standard which the court must use in reviewing the defendant's default.

*Id*. at 1297-98 (emphasis added). As the **Ciptak** Court made clear, Section C, when read in context with its surrounding sections, only requires a court to determine a defendant's ability to pay before incarceration for delinquency, not before the imposition of all financial obligations at sentencing.

---

[1] Pa.R.Crim.P. 1407 was renumbered as Pa.R.Crim.P. 706 in 2000. Former Rule 1407 was identical to current Rule 706 in all material respects. **See Commonwealth v. Rosser**, 407 A.2d 857, 859 n.6 (Pa. Super. 1979) (quoting former Rule 1407).

Appellant asserts that our Supreme Court overruled our Court's interpretation of Rule 1407 in **Ciptak** on appeal. However, the defendant in **Ciptak** raised two related, but distinct arguments. Like here, he first argued that the trial court erred by imposing costs on him without first holding a presentence ability-to-pay hearing. Importantly, though, he also argued that trial counsel had been ineffective for failing to object and preserve that issue. In a *per curiam* order reversing this Court's order, the Supreme Court first held that appellate counsel was improperly alleging what was in effect his own ineffectiveness because he and trial counsel were from the same public defender's office. **See Ciptak**, 665 A.2d at 1161-62.

In determining whether the appointment of new counsel was necessary, the Court observed that the record did not reveal trial counsel's thought processes on the issue of costs. As a result, the Court remanded for an evidentiary hearing to resolve the ineffectiveness claim. **See id.** at 1162. The Court did not, contrary to Appellant's claim, overrule this Court's interpretation of Rule 1407.

We also note that the Supreme Court had the opportunity to explicitly repudiate the interpretation of Rule 1407 by our Court in **Ciptak** when renumbering Rule 1407 as Rule 706 and it did not do so. Instead, it left the Rule materially unchanged without any reference to the issue raised in **Ciptak**. Our Supreme Court, in fact, recently indicated its *agreement* with **Ciptak**'s interpretation:

Although a *presence* ability-to-pay hearing is not required when costs alone are imposed, our Rules of Criminal Procedure provide that a defendant cannot be committed to prison for failure to pay a fine or costs unless the court first determines that he or she has the financial means to pay.

*Commonwealth v. Ford*, 217 A.3d 824, 827 n. 6 (Pa. 2019) (emphasis in original).

In support of his argument advocating for the exact opposite conclusion here, Appellant also points to Sections 9721(c.1) and 9728(b.2) of the Sentencing Code. Section 9721(c.1) provides:

**(c.1) Mandatory Payment of Costs.**--Notwithstanding the provisions of Section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of the law to the contrary, in addition to the alternatives set forth in subsection (a), the court shall order the defendant to pay costs. In the event the court fails to issue an order for costs pursuant to section 9728, costs shall be imposed upon the defendant under this section. No court order shall be necessary for the defendant to incur liability for costs under this section. The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. No. 706(C) (relating to fines or costs).

42 Pa.C.S.A. § 9721(c.1). Section 9728(b.2), which not only shares the same title as Section 9721(c.1) but specifically references that Section, provides:

**(b.2) Mandatory Payment of Costs.**--Notwithstanding any provision of law to the contrary, in the event the court fails to issue an order under subsection(a) imposing costs upon the defendant, the defendant shall nevertheless be liable for costs, as provided in section 9721(c.1), unless the court determines otherwise pursuant to Pa.R.Crim.P No. 706(C) (relating to fines or costs). The absence of a court order shall not affect the applicability of the provisions of this section.

42 Pa.C.S.A. § 9728(b.2).

The clear import of both of these statutes is to make it mandatory for a defendant to pay the costs of prosecution, even in the absence of a court order imposing those costs. While Appellant is correct that both statutes reference Rule 706(C), such a reference in no way places an affirmative duty on a sentencing court to hold an ability-to-pay hearing prior to imposing mandatory costs upon a defendant. Rather, when read in the context of the mandate to impose costs, those references merely make it clear that even though the imposition of court costs upon a defendant is mandatory, the defendant remains entitled to an ability-to-pay hearing before being imprisoned for defaulting on those mandatory costs.

This interpretation, as well as the reading of Rule 706 to only require an ability-to-pay hearing when a defendant faces imprisonment for failure to pay costs, most closely aligns with the case that is cited by the Comment to Rule 706 as a general reference point for the Rule. In that case, ***Commonwealth ex. rel. Benedict v. Cliff***, 304 A.2d 158 (Pa. 1973), our Supreme Court held that a defendant has the constitutional right to an opportunity to show that he cannot afford the fine or costs that have been imposed on him prior to being incarcerated for failure to pay the fine or costs. ***See id.*** at 161. The Court then held that if the defendant establishes that he is financially unable to pay the fine or costs, he should be allowed to make payments in reasonable installments. ***See id.*** In response to ***Benedict***, our Supreme Court adopted former Rule 1407, now Rule 706, to provide the procedure for the ability-to-

pay hearing the **Benedict** Court held a defendant was constitutionally entitled to have before being imprisoned for failure to meet his financial obligations.

Based on all of the above, we conclude that the trial court properly found that it was not required to hold an ability-to-pay hearing on the basis of this Court's decision in **Childs**, which held that:

> While Rule 706 '**permits** a defendant to demonstrate financial inability either after a default hearing or when costs are initially ordered to be paid in installments,' the Rule only **requires** such a hearing prior to any order directing incarceration for failure to pay the ordered costs.

**Childs**, 63 A.3d at 326 (emphasis in original) (citation omitted).

Appellant argues that this reliance on **Childs** is improper because it is inconsistent with this Court's *en banc* decision in **Commonwealth v. Martin**, 335 A.2d 424 (Pa. Super. 1975) (*en banc*). In rejecting this claim below, the trial court stated:

> [I]n **Martin**, the Superior Court addressed the sole issue of whether the trial court could impose a *fine* without considering ability to pay. There were no issues before the court regarding the legality of imposing mandatory costs … without an ability-to-pay hearing. Accordingly, the holding of the Superior Court in **Childs** is not inconsistent with the *en banc* decision in **Martin**.

Trial Court Opinion, 7/16/18, at 3 (emphasis in original). We agree, and therefore reaffirm **Childs**' holding that a defendant is not entitled to an ability-to-pay hearing before a court imposes court costs at sentencing.

To be clear, nothing in this opinion is meant to strip the trial court of its ability to exercise its discretion to conduct such a hearing at sentencing. There

- 10 -

is no doubt that it is the trial court, and not this Court, which is in the best position to evaluate its own docket and schedule this hearing. We merely hold that nothing in the Rules of Criminal Procedure, the Sentencing Code or established case law takes that discretion away from the trial court unless and until a defendant is in peril of going to prison for failing to pay the costs imposed on him. It is only at that point that the mandate for an ability-to-pay hearing arises. Because Appellant had not yet been threatened with incarceration as a result of a default, we hold that the trial court did not err by imposing mandatory court costs upon Appellant without first holding an ability-to-pay hearing.

In his second issue, Appellant maintains that the sentencing court erred by refusing to waive his probation supervision fees based on a "policy of the Chief Judge of the Criminal Division of Philadelphia County" not to waive supervision fees unless such a waiver is requested by the Probation Department. Appellant's Brief at 20. However, as indicated by the trial court's Pa.R.A.P. 1925(a) opinion and our own review of the record, the trial court's reliance on this local court policy related only to the court's decision not to waive probation supervision fees, not court costs. **See** Trial Court Opinion, 7/16/18, at 2; N.T., 4/24/18, at 18-19, 30-31. However, Appellant did not challenge the imposition of probation supervision fees in his Pa.R.A.P. 1925(b) statement. As such, that issue is waived. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (holding that issues not raised in a Pa.R.A.P. 1925(b) statement are waived).

In sum, then, we conclude that the trial court did not err in denying Appellant's Motion for Ability-to-Pay Hearing. Although the court had the discretion to consider that motion at sentencing, it was not required to do so by Rule 706 because Appellant had not yet been threatened with incarceration as a result of a default. Should that occur, Appellant will be entitled to an ability-to-pay hearing pursuant to Rule 706 at that time.

Judgment of Sentence affirmed.

Judges Stabile, Murray, Mclaughlin, King, and McCaffery join the opinion.

Judge Nichols concurs in the result.

Judge Dubow files a concurring and dissenting opinion in which Judge Kunselman joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2021