J-E01005-20

2021 PA Super 51

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ALEXIS LOPEZ :
:
Appellant : No. 1313 EDA 2018


Appeal from the Judgment of Sentence April 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004377-2015


BEFORE:  PANELLA, P.J., STABILE, J., DUBOW, J., KUNSELMAN, J.,
NICHOLS, J., MURRAY, J., McLAUGHLIN, J., KING, J., and
McCAFFERY, J.

CONCURRING/DISSENTING OPINION BY DUBOW, J.:

**FILED MARCH 23, 2021**

The Majority Opinion in this case holds that the provisions of the

Sentencing Code do not require the trial court at sentencing to "hold a

hearing" to consider Appellant's Motion to Waive Costs; rather the trial court

has the discretion to decide whether to "hold a hearing." Maj. Op. at 1. The

Majority affirms the trial court's decision to deny the Motion to Waive Costs

without holding a hearing because "Appellant had not yet been threatened

with incarceration as a result of a default [from failing to pay court costs]. Maj. Op. at 12.

Implicit in the Majority's finding—that the trial court has discretion to decide whether to "hold a hearing" when a defendant at sentencing files a Motion to Waive Costs—is the determination that the trial court has the authority to consider a Motion to Waive Court Costs at sentencing. I agree with this conclusion. I disagree, however, with the holding that if at sentencing a defendant files a Motion to Waive Costs, the trial court has the discretion to decide whether it will hear evidence in support of and opposition to the motion.[1]

It is undisputed that if a defendant is at risk of being incarcerated for failing to pay court costs, Pa.R.Crim.P. 706 requires, and thus implicitly authorizes, the trial court to determine a defendant's ability to pay those costs

---

[1] One of the difficulties in this case is the different ways in which the issue is framed. Appellant frames the issue as whether the Sentencing Code mandates that the trial court, when imposing court costs, determine a defendant's ability to pay costs. Appellant's Brief at 14. The Majority frames the issue as whether the trial court at sentencing must "hold a hearing" before waiving costs. Maj. Op. at p. 1. The three judge panel in **Commonwealth v. Childs** frames the issue in three different ways; whether the trial court has the authority to modify costs at sentencing, whether the trial court is required to hold a hearing, and whether a defendant is entitled to a hearing. 63 A.3d at 325-326. Underlying all of these issues, however, is the threshold issue of whether the Legislature has authorized the trial court to decide a Motion to Waive Costs at sentencing.

before the trial court may incarcerate the defendant. The Rule also provides the trial court with the authority to modify the amount of those costs to reflect a defendant's ability to pay those costs and set a new amount and payment schedule that is "fair and practicable." Pa.R.Crim.P. 706(C).

In **Commonwealth v. Childs,** 63 A.3d 323 (Pa. Super. 2012), the Superior Court dealt with the same timing issue that is before us, *i.e.*, whether the trial court could consider a Motion to Waive Costs at sentencing. In **Childs**, the defendant at sentencing filed a Motion to Waive Costs. The court concluded that the Sentencing Code and applicable Rule of Criminal Procedure did not permit the trial court to consider a Motion to Waive Costs at sentencing. Rather, the trial court could only modify costs when the defendant was at risk of being incarcerated for failing to pay costs. 63 A.3d at 326.

I disagree with the statutory analysis in **Childs** because it reads into the relevant provisions of the Sentencing Code a subsection of Pa.R.Crim.P. 706 to which the legislature did not refer. The statutory analysis regarding whether the trial court has the authority to consider a Motion to Waive Costs at sentencing begins with 42 Pa.C.S. §§ 9721(c.1) and 9728(b.2). Specifically, Section 9721(c.1) of the Sentencing Code requires the trial court to, *inter alia,* impose court costs upon a defendant at sentencing. "The court shall order the

defendant to pay costs."  42 Pa.C.S. § 9721(c.1).  In this same section, however, the Legislature provides an exception to the mandatory imposition of costs by referring to the trial court's discretion to modify the amount of costs according to the procedure set forth in Pa.R.Crim.P. 706(C). Relevantly, Section 9721(c.1) provides:

> In the event the court fails to issue an order for costs pursuant to section 9728, costs shall be imposed upon the defendant under this section. No court order shall be necessary for the defendant to incur liability for costs under this section. **The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. No. 706(C) (relating to fines or costs)**.

*Id.* (emphasis added).

Section 9728(b.2) also authorizes the trial court to modify the amount of costs when imposing them and directs the trial court to the procedure it should follow when deciding whether to modify costs. This section first provides that, "[n]otwithstanding any provision of law to the contrary . . . the defendant shall [] be liable for costs . . . **unless the court determines otherwise** pursuant to Pa.R.Crim.P. [] 706(C)." 42 Pa.C.S § 9728(b.2) (emphasis added). In other words, the Legislature, by stating that the defendant shall be liable for costs "unless the court determines otherwise," provides the trial court with the authority to determine whether a defendant should pay costs.

Section 9728(b.2) further provides the procedure that the trial court should follow to determine whether the trial court should modify the amount of costs: "the defendant shall [] be liable for costs . . . unless the court determines otherwise **pursuant to Pa.R.Crim.P. [] 706(C)**." 42 Pa.C.S § 9728(b.2)(emphasis added). In other words, the trial court, in determining whether a defendant shall be liable for costs, should follow the procedure set forth in Pa.R.Crim.P. 706(C).

Pa.R.Crim.P. 706(C) provides that "[t]he court, in determining the amount and method of payment of a fine or costs shall, **insofar as is just and practicable**, consider the burden upon the defendant by reasons of the defendant's financial means[.]" Pa.R.Crim.P. 706(C) (emphasis added).

This interpretation is consistent with the legislative history from 2010 when the Legislature added Section 9721(c.1) to the Sentencing Code. After amending this section to make the imposition of costs automatic even if the trial court fails to include the costs in its sentencing order, the Legislature emphasized that "a court would retain all discretion to modify or even waive costs in an appropriate case, pursuant to Pa.R.Crim.P. 706(C)." House of Representatives Democratic Committee Analysis, Bill No. SB1169, September 15, 2010. The legislative history also showed that the new Section 9728

"accomplishes the same goal as to the statute specifically addressing the imposition of costs, restitution and other matters collateral to sentencing." Once again, the Legislature made clear that it was inserting the "same exception under criminal rule 706(C)." *Id.*

Thus, when read together, these sections provide the trial court with the authority to consider a Motion to Waive Court Costs at sentencing and provide the procedure the trial court must follow to determine an amount that is "just and practicable."

The three judge panel in **Childs**, however, misread these statutory provisions when it concluded that the trial court may only consider a Motion to Waive Costs when the defendant is at risk of being incarcerated for failing to pay the court costs imposed at sentencing. Although the Legislature only referred to Pa.R.Crim.P. **706(C)** for setting forth the procedure for considering a Motion to Modify Costs, the **Childs** court incorporated **706(A)** into its analysis. It is Rule **706(A)** that limits the trial court's authority to determine a Motion to Waive Costs to those situations in which the defendant is at risk of being incarcerated for failing to pay costs. "A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or cost."

Pa.R.Crim.P. 706(A). Since the Legislature did not refer to Rule **706(A)**, but only to Rule **706(C),** the Legislature did not intend to limit the trial court's authority to those instances when the defendant is at risk of incarceration for failing to pay court costs.

Additionally, the three-judge panel in **Childs** mistakenly relied on *dicta* in **Commonwealth v. Hernandez**, 917 A.2d 332 (Pa. Super. 2007), and on **Hernandez**'s interpretation of 42 Pa.C.S. §§ 9721 and 9728—an interpretation that preceded the Legislature's 2010 amendments to those provisions that, as discussed above, did not place a limitation on the proceeding at which the trial court can consider a Motion to Waive Costs. Thus, I would expressly overrule **Childs.**

Turning to the Majority Opinion, I disagree with the Majority's decision to affirm the trial court's denial of the Motion to Modify Costs. The Majority holds that "a trial court has the discretion to hold an ability to pay hearing at sentencing." Maj. Op. at 1. The Majority concludes that in this case, the trial court was not required to "hold a hearing" because "Appellant had not yet been threatened with incarceration as a result of a default." Maj. Op. at 12.

However, since Appellant filed a Motion to Waive Costs at sentencing and the Sentencing Code authorizes the trial court to decide a Motion to Waive

Costs at sentencing and requires the trial court to follow the procedure set forth in Pa.R.Crim.P. 706(C), the trial court must hold a hearing. Pa.R.Crim.P. 706(C) requires the trial court to consider "the burden upon the defendant by reason of the defendant's financial means" to determine the "manner and method of the payment of a fine or cost" and set an amount that is "just and practicable." The defendant's financial means is a factual question and the trial court must hold a hearing to receive this evidence. Without evidence of the defendant's financial means, the trial court cannot determine whether it is appropriate to modify the amount of court costs and decide the Motion to Waive Costs.

Finally, I disagree with the manner in which Appellant framed the issue. Appellant argues that the Sentencing Code requires the trial court to consider a defendant's ability to pay costs before the trial court imposes costs, irrespective of whether a defendant has filed a Motion to Waive Costs. Appellant is, in essence, arguing that the trial court has the authority to *sua sponte* waive costs at sentencing. I agree that when a defendant files a motion, the Sentencing Code authorizes the trial court to decide the issue. Appellant, however, has failed to provide us with any legal support, and we have found none, to support the proposition that this is one of the limited

situations in which the trial court may raise an issue *sua sponte*. Without such legal support, the trial court lacks the authority to raise the issue *sua sponte.*

In sum, I would vacate Appellant's Judgment of Sentence and remand for hearing pursuant Pa.R.Crim.P. 706(C).[2]

Judge Kunselman joins the concurring and dissenting opinion.

---

[2] We likewise concur with the Majority's conclusion that Appellant waived his second issue pertaining to the sentencing court's imposition of probation supervision fees.