J-S05009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THERESA WILE | : | |
| | : | |
| Appellant | : | No. 637 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 21, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0008045-2018

BEFORE: BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                          Filed: April 22, 2021

Theresa Wile appeals from the judgment of sentence of three months of probation and the costs of prosecution imposed after the trial court convicted her of two counts of disorderly conduct. We affirm.

On the evening of October 12, 2018, officers answered a call of a woman in distress to find Appellant screaming loudly in front of her residence. After shouting obscenities at the officers while they inquired as to her needs and mental health, she eventually calmed down. As the officers moved to depart, she resumed her screaming, becoming increasingly loud, causing neighbors to stand outside and observe the spectacle. When Appellant persisted in her agitated vocalization after being advised that she was disturbing the peace and would be arrested if she did not cease, she was placed under arrest. Officers carried her by her arms to their vehicle while she struggled. Even

after she was secured in the squad car, Appellant threw herself bodily against the front-back seat partition in continued protest. When Appellant repeatedly requested that the officers shoot her in the face, they decided to transport her to a hospital.

Appellant was charged with two counts of disorderly conduct as a result of this incident.[1] Following a bench trial, which featured the testimony of one of the officers and Appellant as well as dash cam footage from the incident, the trial court found her guilty on both counts, and later sentenced her as detailed above.[2] Appellant filed a timely appeal following the denial of her post-sentence motion. Appellant presents the following questions for our consideration:

_____

[1] Specifically, Appellant was charged under the following provisions of the disorderly conduct statute:

> A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [s]he:
>
> > (1) engages in fighting or threatening, or in violent or tumultuous behavior; [or]
> >
> > . . . .
> >
> > (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

18 Pa.C.S. § 5503(a).

[2] Appellant testified that she was merely outside praying when the police arrived at her residence. *See* N.T. Trial, 11/4/19, at 102.

- 2 -

> 1.    Whether the evidence presented at trial was insufficient to prove beyond a reasonable doubt that [Appellant] had the requisite intent for 18 Pa.C.S. § 5503(a)(4) disorderly conduct and 18 Pa.C.S. § 5503(a)(1)?
>
> 2.    Whether the court erred in imposing costs of prosecution and supervision fees on [Appellant], an indigent person, absent consideration of her ability to pay?

Appellant's brief at 2 (unnecessary capitalization and suggested answers omitted).

The following legal principles inform our review.  Regarding Appellant's sufficiency challenge, we bear in mind:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary.  In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt.  [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence.  The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence.  Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Williams***, 176 A.3d 298, 305-06 (Pa.Super. 2017) (citations and quotation marks omitted).

As to Appellant's challenge to the imposition of costs of prosecution without first determining her ability to pay them, the issue "implicates the interpretation of the Rules of Criminal Procedure, which presents a question

of law. Therefore, our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Lopez**, ___ A.3d ___, 2021 WL 1096376 at *1 (Pa.Super. March 23, 2021) (*en banc*).

After a thorough review of the certified record, the parties' briefs and the pertinent law, we discern no error of law or abuse of discretion on the part of the trial court as to the issues raised by Appellant, and we affirm the judgment of sentence on the basis of the cogent and well-reasoned opinion that Honorable Steven T. O'Neill entered on June 4, 2020.

Specifically, Judge O'Neill observed that the law and the evidence, including reasonable inferences therefrom, supported his finding that Appellant acted with reckless disregard for the risk of causing public annoyance or alarm when she screamed so loudly that it echoed off nearby homes and caused neighbors to spectate, then struggled so much when taken into custody that she kicked off her pants. **See** Trial Court Opinion, 6/4/20, at 4-5. **See also Commonwealth v. Rahman**, 75 A.3d 497, 503 (Pa.Super. 2013) (holding intent to cause inconvenience established by evidence that the defendant ignored warnings to cease loud and boisterous behavior and escalated his physical aggression as officers attempted to escort him away). Further, Judge O'Neill correctly explained that Appellant was not entitled to a hearing on her ability to pay before being sentenced to pay costs, as Pa.R.Crim.P. 706 requires a hearing only before incarcerating a defendant for failure to pay. **Id**. at 7-8 (citing, *inter alia*, **Commonwealth v. Childs**, 63

A.3d 323, 325 (Pa.Super. 2013)).  **See also Lopez**, **supra** at *5 (reaffirming "**Childs**' holding that a that a defendant is not entitled to an ability-to-pay hearing before a court imposes court costs at sentencing").  For all of the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:4/22/21*

Filed 10/6/2020 12:44:00 AM Superior Court Eastern District
637 EDA 2020

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
## PENNSYLVANIA
## CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | **NO. 8045-18** |
| | : | **637 EDA 2020** |
| **V.** | : | |
| | : | |
| **THERESA WILE** | : | |

**OPINION**

**O'NEILL, J.**                                                    June 4, 2020

The Defendant, Theresa Wile, appeals from the judgment of sentence entered on January 21, 2020. For the reasons set forth below, the judgment of sentence should be affirmed.

## I.     Facts and Procedural History

On the evening of October 12, 2018, police were dispatched to the Defendant's home in Lansdale, Montgomery County, for a call of a woman in distress. N.T. Nov. 4, 2019 at 73. When officers arrived, they found the Defendant in front of her home, screaming loudly enough for it to echo off of neighboring homes. Id. at 74-75. Officers asked the Defendant how they could help her and she replied that she needed a cigarette. Id. at 75. They explained to her the purpose of 911. Id. Officers asked her if she wanted to hurt herself or anyone else. Id. The Defendant continued to shout obscenities at the officers. Id. at 76. She eventually calmed down and officers began to leave. Id. At that point, she called them back to her residence and began screaming again. Id. Officers advised her that she was disturbing the peace. Id. The Defendant requested the identity of the 911 caller. Id. She continued to get louder. Id. at 77. Neighbors were outside watching what was happening. Id.

1

Officers repeatedly asked the Defendant to go inside her home advised her that she would be under arrest if she did not stop screaming. Id. When she failed to comply after several requests, she was placed under arrest. Id. Officers approached the Defendant and handcuffed her, at which point she began to struggle with the officers and refused to walk. Id. Officers had to pick her up by the arms to assist her to a patrol vehicle, she continued to kick and struggle with the officers. Id. at 77-78. Once officers were able to get her into the car, she began to throw herself against the partition. Id. at 82; Commonwealth Exhibit C-7. The Defendant also told officers to "Shoot me in the fucking face." Id. At this point, they decided to transport her to Lansdale Hospital. Id. As a result of this incident, she was charged with two counts of Disorderly Conduct. 18 Pa. C.S.A. § 5503 (a)(1), (4).

Following a trial by bench[1], the Defendant was convicted of both counts of summary disorderly conduct.[2] These counts merged for purposes of sentencing. On January 21, 2020 she was sentenced to a three month term of probation and ordered to pay the costs of prosecution. The Defendant filed a post-sentence motion, which this Court denied on February 6, 2020. This appeal followed. The Defendant was directed, pursuant to Pa. R.A. P. 1925 (b) to file a concise statement of errors; she has since complied with that directive.

---

[1] She was simultaneously convicted in the matter indexed at 8044-18 and sentenced to a consecutive three month term of probation. This matter is addressed separately in the appeal indexed at 636 EDA 2020.
[2] 18 Pa. C.S.A. § 5503 (a)(1), (4).

2

## II. Issues

The Defendant raises the following issues in her concise statement:

1. Appellant challenges the sufficiency of the evidence with regard to the requisite intent(s) of both count 1 and count 2.

2. Appellant challenges the weight of the evidence with regard to weighing the evidence introduced to prove the requisite intent of count 1 and count 2.

3. Appellant challenges the imposition of costs and supervision fees without consideration of Ms. Wile's ability to pay.

## III. Discussion

The Defendant's first two claims challenge the weight and sufficiency of the evidence against her. It is well settled that,

> [i]n reviewing the sufficiency of the evidence, we are required to view the evidence, and all permissible inferences to be drawn therefrom, in the light most favorable to the Commonwealth, as verdict winner. The test is whether, taking as true the evidence most favorable to the Commonwealth, together with all reasonable inferences therefrom, the evidence is sufficient to prove appellant's guilt beyond a reasonable doubt.

Commonwealth v. Ruffin, 463 A.2d 1117, 1118-19 (Pa. Super. 1983) (citations omitted).

A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed. Commonwealth v. Morgan, 913 A.2d 906, 909 (Pa. Super. 2006) (citing Commonwealth v. Charlton, 902 A.2d 554, 561 (Pa. Super. 2006) (quoting Commonwealth v. Galindes, 786 A.2d 1004, 1013 (Pa. Super. 2001)). The weight of the evidence is exclusively for the finder of fact who is free to believe

3

all, part, or none of the evidence and to determine the credibility of the witnesses. Commonwealth v. Champney, 832 A.2d 403, 408 (Pa. 2003)). Accordingly, a weight of the evidence challenge contests the weight that is accorded the testimonial evidence. Morgan, 913 A.2d at 909 (citing Armbruster v. Horowitz, 744 A.2d 285, 286 (Pa. Super. 1999)). In reviewing a weight of the evidence challenge, "[a] new trial should be granted only where the verdict is so contrary to the evidence as to shock one's sense of justice." Commonwealth v. Davidson, 860 A.2d 575, 581 (Pa.Super. 2004) (internal citation and quotation omitted). Both claims are without merit and must fail.

First, there was sufficient evidence of intent. "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [s]he: engages in fighting or threatening, or in violent or tumultuous behavior; creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa.C.S.A. § 5503(a)(1), (4). "The specific intent requirement of this statute 'may be met by a showing of a reckless disregard of the risk of public inconvenience,' annoyance, or alarm ...." Commonwealth v. Troy, 832 A.2d 1089, 1094 (Pa. Super. 2003) (citation omitted).

Instantly, police responded to a call of a woman in distress. When they arrived, they found the Defendant in her front yard, screaming so loudly that it echoed off of neighboring homes. Officers tried repeatedly to deescalate the situation and encouraged the Defendant to go inside her home. She briefly complied, by moving toward her home, before calling officers back and

4

continuing to scream loudly and shout expletives at the officers within earshot of her neighbors who were outside at the time.

Once officers decided to arrest the Defendant she struggled with them and refused to walk to the car, kicking her pants off in the process. Once they were able to get her into the car, she began throwing her body into the partition. Clearly, she acted with reckless disregard of the risk of public inconvenience, annoyance or alarm and the evidence was sufficient to prove intent as to both counts of disorderly conduct.

Next, she challenges the weight of the evidence of intent. This claim must also fail. The Defendant took the stand in her defense and testified that she was outside praying when officers arrived. N.T. Nov. 4, 2019 at 103. This Court, as factfinder, was free to believe some, all or none of her testimony in that regard. Based on the testimony of officers and the dash cam video,[3] this Court did not find the Defendant's testimony to be credible. Therefore, the verdict was not against the weight of the evidence and this claim must fail.

In her final issue, the Defendant challenges the imposition of the costs of prosecution. While the Defendant did raise this claim in a post-sentence motion, she did not raise it at the time of sentencing when costs were imposed, thus she may have waived the issue. N.T. Jan. 21, 2020 at 19. Insofar as this claim may implicate the legality of the Defendant's sentence, which cannot be waived, she is due no relief. Commonwealth v. Childs, 63 A.3d 323, 325 (Pa. Super. 2013)(stating that challenge to denial of hearing on inability to pay

---

[3] Exhibit C-7.

5

"contests the authority of the court to impose the costs at issue and, therefore, challenges the legality of his sentence"). A defendant is not entitled to a pre-sentence hearing on his ability to pay. Id. (citing Commonwealth v. Hernandez, 917 A.2d 332, 336–37 (Pa.Super.2007)). Therefore, this claim is without merit and must fail.

Pursuant to the Rules of Criminal Procedure, the "court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs." Pa. R. Crim. P. 706 (A). Accordingly, "[w]hile Rule 706 **permits** a defendant to demonstrate financial inability either after a default hearing or when costs are initially ordered to be paid in installments," the Rule only **requires** such a hearing prior to any order directing incarceration for failure to pay the ordered costs. Childs, 63 A.3d at 326 (citing Hernandez, 917 A.2d at 337)(emphasis in original). In Hernandez, the Superior Court concluded that a hearing on ability to pay is not required at the time that costs are imposed:

> The Supreme Court ... did not state that _Fuller_[4] requires a trial court to assess the defendant's financial ability to make payment at the time of sentencing. In interpreting _Fuller,_ numerous federal and state jurisdictions have held that it is not constitutionally necessary to have a determination of the defendant's ability to pay prior to or at the judgment of sentence.... [We] conclude that _Fuller_ compels a trial court only to make a determination of an indigent defendant's ability to render payment before he/she is committed.

Hernandez, 917 A.2d at 337.

---

[4] Fuller v. Oregon, 94 S.Ct. 2116, 2118, 417 U.S. 40, 40 (1974).

Thus, even if she had requested this Court to do so, this Court was not required to hold a hearing on the Defendant's ability to pay costs.[5] In the event that the Defendant fails to make payment as ordered, at that time the court will be required to hold a hearing on his ability to pay.

## IV.  Conclusion

Based on the foregoing, the judgement of sentence should be affirmed.

BY THE COURT:

_____
**STEVEN T. O'NEILL, J.**

Copy of the above Opinion
mailed on 6/4/20 to the following:
Robert Falin, Esq.
Lee Awbrey, Esq.

_____
Judicial Assistant

---

[5] The Court recognizes that this issue is currently awaiting en banc resolution before our Superior Court in the matters of Commonwealth v. Gary-Ravenell, J-E01004-20, 2551 EDA 2018, and/or Commonwealth v. Lopez, J-E01005-20, 1313 EDA 2018. Unless and until the Superior Court decides otherwise, precedent dictates that the Defendant is not entitled to an ability to pay hearing at the time of sentencing.

7