J-S38009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HECTOR PORTER | : | |
| | : | |
| Appellant | : | No. 2778 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 30, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001789-2021

BEFORE: LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.*

MEMORANDUM BY LAZARUS, J.:           **FILED NOVEMBER 7, 2023**

Hector Porter appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, following his non-jury trial and conviction of simple assault. After our review, we affirm.

The trial court set forth the facts of this case as follows:

On December 21, 2020 [Porter] was arrested and charged with [] aggravated assault, [] simple assault, [] possession of an instrument of crime, and [] harassment arising from an incident in which [Porter] assaulted his wife, [] Ann Marie Jones-Porter by striking her in the head with a handgun. On May 4, 2022 and May 11, 2022[,] this court presided over a non-jury trial and rendered a verdict of guilty on the charge of simple assault. On June 30, 2022 this court imposed judgment of sentence on [Porter] to confinement in the George W. Hill Correctional Facility for a minimum term of time served (from December 12, 2020 to December 29, 2020) to a maximum term of 12 months.

Trial Court Opinion, 2/13/23, at 1-2.

_____

* Retired Senior Judge assigned to the Superior Court.

Porter raises the following issues on appeal:

1. Whether the evidence was insufficient as a matter of law to support the conviction for simple assault, 18 Pa.C.S.A. 2701a)(1) where the evidence at trial failed to establish that appellant intentionally, knowingly, or recklessly caused bodily injury?

2. Whether the trial court erred in denying appellant's motion for a new trial, as the verdict was against the weight of the evidence where the evidence of record was so inherently unreliable such that the determination of appellant's guilt was based purely on speculation and conjecture, in violation of appellant's constitutional rights under the state and federal constitutions?

Appellant's Brief, at 4.

Porter argues that the Commonwealth failed to prove beyond a reasonable doubt that he intended to cause injury to his wife. He claims he and his wife were "engaged in a heated scuffle" in their home, that he was trying to grab a phone from her, that she "admittedly kicked him and bit him in the arm before he [] responded by striking her in the head." **_See_** Appellant's Brief, at 13, citing N.T. Non-Jury Trial, 5/4/22, at 49, 51.

> The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial

evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

*Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (citation omitted).

A person commits simple assault if they "attempt[] to cause or intentionally, knowingly[,] or recklessly cause[] bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1). Bodily injury is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. A person attempts to commit a crime when they, "with the intent to commit a specific crime, [perform] any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). "[I]ntent may be inferred from the circumstances surrounding the incident if a specific intent to cause bodily injury may reasonably be inferred therefrom." *In re C.E.H.*, 167 A.3d 767, 770 (Pa. Super. 2017), citing *Commonwealth v. Polston*, 616 A.2d 669, 679 (Pa. Super. 1992).

Here, the evidence established that on December 21, 2020, following an argument, Porter demanded to know who the victim was talking to on her phone. He backed the victim against a wall; the victim bit Porter in the arm and kicked him to get him away from her. Porter then pulled out his gun and struck her with it, hitting her forehead and left eye. The victim called the police. *See* N.T. Non-Jury Trial, 4/20/20, at 5-8, 10.

Officer Matthew Barr testified that he received a dispatch for a "domestic with a firearm" on the date in questions, and that when he arrived at the scene, Porter was agitated and the victim was visibly upset. *Id.* at 17-18. Officer Barr testified that he "could see the injury on [the victim's] head," and that the victim had "considerable swelling." *Id.* at 18, 23. He also testified that he recovered Porter's gun. *Id.* at 19. At the time of the trial, four months after the incident, the victim testified that she still had pain. *Id.* at 6.

Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to establish, beyond a reasonable doubt, that Porter intended to cause bodily injury to the victim by using his gun to strike her forehead and that the victim sustained bodily injury. *See* 18 Pa.C.S.A. § 2701(a)(1); *see also Commonwealth v. Duck*, 171 A.3d 830, 837 (Pa. Super. 2017) (evidence sufficient for finding of simple assault where defendant pushed the victim into doorframe and caused victim to suffer laceration that bled and produced visible scab); *Commonwealth v. Martuscelli*, 54 A.3d 940, 948-49 (Pa. Super. 2012) (intent to inflict bodily injury supporting conviction for simple assault may be shown by circumstances that reasonably suggest defendant intended to cause injury).

Next, Porter claims the verdict was against the weight of the evidence. He argues the Commonwealth's evidence was "inherently unreliable and contradictory," and the verdict "could only have been based on speculation and conjecture." Appellant's Brief, at 11. This claim is meritless.

An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. The Pennsylvania Supreme Court has explained that appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. To grant a new trial on the basis that the verdict is against the weight of the evidence, this Court has explained that the evidence must be so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the court.

***Commonwealth v. Childs***, 63 A.3d 323, 326–327 (Pa. Super. 2013) (citation omitted).

A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. ***Commonwealth v. Widmer***, 744 A.2d 745, 752 (2000). Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.' " ***Id.*** (citation omitted).

Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Id.*** at 753 (emphasis added).

In rejecting Porter's weight of the evidence claim, the trial court explained:

> This court listened to all the evidence and testimony of the witnesses in the case and believed the evidence outlined in the Commonwealth's case supported the guilty verdict. The testimony of [the victim] and Officer Bar established beyond a reasonable doubt that [Porter] committed the crime of simple assault. This court assessed these witnesses who testified at trial and observed the evidence presented[,] including testimony, photographs[,] and medical records[,] and is not persuaded by {porter's] argument that there was not reliable proof of injury. This court weighed the facts fairly[.] [The verdict] is not shocking to any sense of justice. [T]he record is void of the court showing partiality, prejudice, ill-will, [or] bias.

Trial Court Opinion, *supra* at 7-8. We agree.

When passing on the credibility of the witnesses in this case, the trial court, sitting as fact finder, was free to accept all, some, or none of the testimony presented. Clearly, the court found the victim and Officer Barr credible. This Court will not go behind the trial court's credibility determinations. We find no abuse of discretion. *Widmer*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/7/2023

- 6 -